Jericho *v.* Liggett Spring & Axle Co., Appellant.

Argued November 19, 1953; reargued April 22, 1954.
Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT,
WOODSIDE and ERVIN, JJ.

*Donald M. Bane,* with him *George W. Weaver* and
*Prichard, Lawler, Malone & Geltz,* for appellants.

*George B. Stegenga,* with him *Louis R. Oppenheim,*
for appellee.

OPINION BY ERVIN, J., July 13, 1954:

This is an appeal by the defendant and the insurance carrier from the order and judgment of the lower court, affirming the Workmen's Compensation Board in its order reinstating the compensation agreement and ordering the defendant and the insurance carrier to pay claimant compensation thereunder.

Claimant was injured in the course of his employment on July 10, 1942. On August 19, 1942 he entered into an open agreement which provided for payment of compensation "at the rate of $18.00 per week, beginning 7-18-42 . . . and subject to modification or termination by Supplemental Agreement, Order of the

Workmen's Compensation Board or Final Receipt." Claimant returned to work on November 19, 1942 and executed a final receipt. On September 9, 1943 claimant filed a petition to set aside the final receipt alleging mistake of fact. The referee made an order on May 16, 1944 setting aside the final receipt and suspending payment of compensation beginning November 19, 1942 until such time as claimant's disability was reflected in a loss of earnings. On June 17, 1946 claimant filed a reinstatement petition averring that since November 25, 1945 he had been totally and permanently disabled. On January 15, 1947 the parties stipulated that during the period from November 29, 1945 to March 25, 1946, the claimant was not working but was able to do so and that his disability during that period was fifty per cent; it was also agreed that claimant still suffered some *partial disability* but had been earning more than he did at the date of the accident. On January 21, 1947 the referee entered an order which provided that payments of compensation under the workmen's compensation agreement be reinstated and modified to provide for fifty per cent partial disability at the rate of $9.80 per week from November 29, 1945 to March 25, 1946; further, beginning March 26, 1946, payments of compensation to claimant were suspended until such time as claimant's disability was reflected in loss of earnings, not to exceed, however, the limitations made and provided by the Workmen's Compensation Act. On August 22, 1949, sixteen months after the end of the three hundred week period and two years and seven months after the most recent payment of compensation, the petition out of which this case arose was filed. In it claimant asked that the award which was suspended on May 16, 1944 be reinstated. The claimant averred that on August 5, 1949 total disability recurred.

Based on a finding that any disability claimant suffered is not due to or associated with the accident which occurred on July 10, 1942 but is due to natural causes, the referee entered an order dismissing claimant's petition. Claimant appealed. Defendant also appealed because the referee had failed to find that claimant's petition was barred by the Statute of Limitations of the Compensation Act. The Workmen's Compensation Board sustained claimant's appeal and dismissed defendant's appeal. It also reversed the decision of the referee and reinstated payment of workmen's compensation for total disability under the original compensation agreement as of August 5, 1949. The award was based upon the board's substituted finding of fact that claimant became totally disabled on August 5, 1949. On appeal the findings and order of the board were sustained by the lower court.

Claimant, while driving a truck for his employer on July 10, 1942, was involved in an accident in which he suffered fractures of his pelvis, left hip and left leg. On November 19, 1942 he returned to work and worked steadily for defendant until August 5, 1949, except for two periods: the first, from November 29, 1945 to March 26, 1946, when the plant was on strike, and the second, from June 1949 to July 25, 1949, when he was disabled by a second and separate injury from which he recovered. Claimant was laid off on August 5, 1949. When claimant returned to work in November 1942 his first job was on the assembly bench assembling axles. Claimant received the same pay as nine other men who did the same kind of work. After six months he was transferred to the tool room. He earned as much or more than he did before he was injured. In the tool room he operated a Cincinnati grinder. He was paid the same as the other grinders. He could do this job while sitting. In the present hearing the

doctor testified that he was disabled for laboring work that involves long periods of standing; that there is a shortening in the left leg and a limitation of motion and wasting of muscles around the left hip; that he can do any job where he can sit and he has full use of his hands and of his right but not his left foot; that except for the weakness in the muscles from the pelvis down on the left side the general muscle tone is good and there is no disability in the rest of his body.

Was the reinstatement petition, filed August 22, 1949, too late? That is the important question to be decided in this case. Sec. 413 of the Act of 1939, June 21, P. L. 520, 77 PS 772, which controls this case, contains four paragraphs. We are not concerned with the first paragraph because it provides for a review "of an original or supplemental agreement . . . if it be proved that such agreement was procured by fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact. . . ." None of these grounds were alleged in the present petition. The petition did allege that the total disability had recurred on August 5, 1949 and, therefore, we are concerned with the second paragraph, which provides: "The board, or referee designated by the board, may, *at any time,* modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased. . . . Provided, That, . . . except in the case of eye injuries, no agreement or award *shall* be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the *most recent* payment of compensation *made prior to the filing of such petition."* (Emphasis added) The legislative history relative to review of prior agree-

ments or awards is enlightening and highly significant. As originally enacted, the Act of 1915, June 2, P. L. 736, Art. IV, Sec. 423, read as follows: "All agreements for compensation shall be subject to review by the Board *at any time,* upon presentation of a petition alleging fraud, mistake, coercion, or other proper cause." (Emphasis added)

The Act of 1919, June 26, P. L. 642, Sec. 423, reads as follows: "All agreements for compensations shall be subject to review by the board *at any time,* upon presentation of a petition alleging fraud, mistake, coercion or other proper cause." (Emphasis added) A new section, 426, was added by this act reading as follows: "Any agreement or award of compensation may be modified or terminated *at any time* by a subsequent agreement approved by the board, and may be modified or terminated by the board or a referee designated by the board, on the petition of either party, on the ground that the incapacity of the injured employe has subsequently increased, decreased, or terminated. . . ." (Emphasis added) The Act of 1927, April 13, P. L. 186, dealt with this subject in two paragraphs of Sec. 413: (1) "The board, or a referee designated by the board, may, *at any time,* review and modify or set aside an original or supplemental agreement, upon petition filed with the board . . . if it be proved that such agreement was procured by the fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact." (2) "The board, or referee designated by the board, may, *at any time,* modify, reinstate, suspend, or terminate *an original or supplemental agreement or an award,* upon petition . . . upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased. . . . Provided, That . . . no agreement or award shall be reviewed, or modified, or

reinstated, unless a petition is filed with the board *within one year after the date of the last payment of compensation, with or without an agreement."* The 1927 act was construed in the case of *Furman v. Standard P. Steel Co. et al.,* (1933) 111 Pa. Superior Ct. 44, 47-49, 169 A. 243, where it was said:

"The appellant argues, however, that under the Act of April 13, 1927, P. L. 186, 194, the claimant is not entitled to recover anything because he did not present his petition to review the agreement within one year after the last payment of compensation. This would be correct if the employer had legally proceeded to have the agreement terminated and had secured an order of the Workmen's Compensation Board to that effect, but the limitation in the Act of 1927 has no application to an agreement that is in force. The mere fact that the employer is not making payments under it does not render it terminated. The court below correctly construed the law when, in referring to the limitation in the Act of 1927, it said: 'In our opinion this does not apply to claimant, because the agreement he relies upon was for an indefinite period, and there has been no "last payment" upon it, unless the payment made on October 27, 1927, was a "last payment," and it was only so because the defendant did not keep its agreement. There was, in fact, no review necessary to keep the agreement alive. Defendant lays stress upon the words in the proviso to the Act of 1927, "with or without an agreement." We understand the proviso to mean that a "last payment of compensation, *with* an agreement" refers to cases where an agreement has been formally terminated, and a subsequent new situation calls for review. In such a case the petition must be made within the time limited. The phrase "last payment of compensation *without* an agreement" speaks for itself. The instant case falls in neither category.

There is an existing agreement, upon which there has been no last payment.'

"The law does not contemplate that an employer can terminate an agreement simply by refusing to pay under it, or that at the end of a year after such refusal the employe's rights are gone. If just cause for terminating the agreement exists, the Act supplies a remedy to the employer in case of the unreasonable refusal of the workman to sign a final receipt, but it does not make the employer both litigant and judge. So long as he has taken no step to terminate the agreement it remains in force even though he has discontinued payments under it, and when, as here, just grounds for its continuance appear the board can, on the petition of the claimant, order it to be fulfilled and carried out; and it may do this even though the claimant's petition asked for a review and increase of compensation rather than its enforcement."

Probably as a result of the foregoing decision, the Legislature in 1939 repealed the language *"last payment of compensation with or without an agreement"* and substituted therefor the language *"most recent payment of compensation made prior to the filing of such petition."* We must assume that the Legislature had some purpose in making this change. It left in the language found in the first part of the paragraph, *"at any time."* (All emphasis added) This Court early held that the words "at any time" mean at any time during the contemplated period the agreement has to run, i.e., five hundred weeks for total disability and three hundred weeks for partial. *Melody v. Bornot, Inc.,* (1934) 112 Pa. Superior Ct. 174, 170 A. 408; *Kessler v. North Side Packing Co.,* (1936) 122 Pa. Superior Ct. 565, 186 A. 404. If the Legislature had intended the period to be open for the entire three hundred or five hundred week period, it did not need to make

any change because this already was the law. When the Legislature in 1927 imposed the first one year limitation after the date of the *last payment* of compensation, it certainly intended to relate the limitation to the payment of compensation instead of the time the agreement had to run. In 1939, when the Legislature related the filing of the petition to the *date of the most recent payment of compensation made prior to the filing of such petition* instead of the *date of the last payment of compensation with or without an agreement,* it must have intended to further limit the time for the filing of a petition for review and we believe the language employed was intended to mean just what it says.

The Workmen's Compensation Board and the lower court relied upon *Augustine v. Evert Lumber Co.,* 134 Pa. Superior Ct. 167, 3 A. 2d 284. That case, however, is not controlling as the complainant's petition was presented on the same day he received his last payment.

What was said by Judge CUNNINGHAM in *Bucher v. Kapp Bros.,* 110 Pa. Superior Ct. 65, 70, 167 A. 652, is applicable to this case: "If this limitation seems to work a hardship in some cases, the remedy is with the legislature; neither the compensation authorities nor the courts may disregard the clearly expressed legislative intent. The petition in this case should have been dismissed because the statutory period, within which relief might have been granted under it, had expired."

In *Wills v. Stineman Coal & Coke Co.,* 170 Pa. Superior Ct. 446, 87 A. 2d 104, in an opinion by Judge RENO, it was stated: "His petition for reinstatement was filed too late. In it he averred: 'I am now totally disabled.' This may be accepted as the equivalent of an averment of increased or recurrent disability, and in this Court appellant's counsel based his case upon the ground that total disability had recurred. But a

petition for reinstatement because of recurrent disability must be filed within one year after the last payment of compensation." The facts in that case were that on December 15, 1942 claimant's right leg was crushed and an open compensation agreement was executed on December 28, 1942, under which payments for total disability were made for one hundred seventy-nine weeks at $18.00 a week. On June 4, 1946 the employer petitioned for a modification and the referee modified the agreement to provide payments for fifty-five per cent partial disability as of May 27, 1946. Payments at the rate of $11.79 were made for the remainder of the three hundred week period which ended on September 20, 1948, when appellant signed the final receipt. A sinus condition developed at the site of the fracture of the right tibia and on October 14, 1949 the leg was amputated. Appellant's injury was confined to the right leg area and no other organs or parts of his body were affected. On January 9, 1950, almost sixteen months after the last payment of compensation but within the five hundred week period, he petitioned for an order to set aside his final receipt and for a reinstatement of compensation, claiming that the amputation entitled him to additional payments for a total disability from September 7, 1949 to December 12, 1949. His claim was disallowed for, inter alia, the reasons above set forth.

In *Harrington v. Mayflower Mfg. Co.,* 173 Pa. Superior Ct. 130, 96 A. 2d 180, Judge RENO of this Court said: "The clause 'at any time' does not, as appellant further contends, authorize reinstatement of compensation agreements regardless of the one-year limitation. The clause was contained in the original Workmen's Compensation Act of June 2, 1915, P. L. 736, Sec. 423, and was not eliminated by the amendatory Act of April 13, 1927, P. L. 186, Sec. 6, which added

the limitation. The clauses may be irreconcilable and hence the clause last in position, the one-year limitation, must prevail. Statutory Construction Act of May 28, 1937, P. L. 1019, Sec. 64, 46 P.S. Sec. 564."

The words *"at any time"* (emphasis added) have been in the act since it was originally enacted in 1915. The one year limitation first came in the Act of 1927 and was repeated in the Act of 1937 and was changed to its final language in the Act of 1939. If there is an irreconcilable conflict between the original language, as interpreted by the courts, and the 1939 one year limitation, the latter clause, being last in order of date and position, must prevail. In the *Harrington v. Mayflower Mfg. Co.* case, supra, Judge RENO also said: "Moreover, the provision in Sec. 413 . . . is not a technical statute of limitation which, in conformity with common law practice, must be affirmatively pleaded as a defense. It is strictly a statute of repose which completely extinguishes the right and not merely the remedy, and may be invoked even though it has not been pleaded." If the right is *completely extinguished* we do not see how it could be revived or reinstated.

Judgment reversed and herein entered in favor of the defendants.