Lasick *v.* Consumers Mining Company et al.,
Appellants.

Argued November 17, 1956. Before RHODES, P. J.,
HIRT, GUNTHER, and CARR, JJ. (WRIGHT, WOODSIDE,
and ERVIN, JJ., absent).

*Karl E. Weise,* with him *Hirsch & Weise,* for appellants.

*Samuel Krimsly,* with him *Anthony J. Martin,* for appellee.

OPINION BY RHODES, P. J., December 28, 1956:

This is an appeal by defendants from the judgment entered in favor of claimant in a workmen's compensation case.

Claimant was injured in the course of his employment on May 8, 1951. An open agreement was entered into under which claimant was paid compensation at the rate of $25 per week from May 15, 1951, to October 15, 1951. He returned to work although partially disabled on October 16, 1951; no final receipt was executed.

Defendants, on May 28, 1952, filed a petition to terminate compensation; and a hearing was held before a referee. It was there stipulated by the parties that claimant had returned to his regular employment on October 16, 1951, without loss of earnings; that the agreement be suspended as of that date; and that claimant has had a residual partial disability not reflected in his earnings since that time. The referee entered an order suspending compensation payments as of October 16, 1951.

On October 14, 1953, claimant filed a petition to reinstate compensation payments as disability, resulting from the accident of May 8, 1951, was then reflected from October 9, 1953, in a change of earnings. At the hearing before the referee which followed the presentation of claimant's petition, defendants moved to dismiss his petition for the reason that it had not been filed within one year of the last payment of compensation which was made on October 15, 1951 (Act of June 21, 1939, P. L. 520, §413, 77 PS §772). The referee refused to dismiss the petition, and made an award based upon a stipulation entered by the parties to the effect that at the time of the suspension claimant's disability was 10 per cent as the result of the accident,

and that upon the entry of an award compensation be reinstated as of March 1, 1954, on the basis of claimant's wages at the time of the accident which would make the compensation rate $6.01 per week, within the limitations of the Act. The Workmen's Compensation Board affirmed the findings of fact, conclusions of law, and order of the referee; and on appeal by defendants to the County Court of Allegheny County the order of award was affirmed and judgment was entered in favor of claimant. Defendant employer and its insurance carrier thereupon appealed.

The question involved is whether claimant's petition, having been filed within the 300-week period, but more than a year after the last payment of compensation was barred by §413[1] of the Act of June 21, 1939, P. L. 520, 77 PS §772, revising and re-enacting The Workmen's Compensation Act of 1915. We are of the opinion that it was not barred, and the judgment entered by the court below will be affirmed.

Claimant admittedly had a disability as a result of the accident but he was able to earn wages equal to or greater than those which he earned at the time of the accident. Consequently compensation payments were suspended during that period, and defendants were relieved to that extent.

---

[1] This section reads in part as follows:

"The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, . . . Provided, That, except in the case of eye injuries, . . . no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the most recent payment of compensation made prior to the filing of such petition: . . ."

The applicable Act of Assembly provided for a period of 300 weeks for partial disability, and claimant filed his petition within that period. Claimant did not undergo a change in disability for which he sought reinstatement of an agreement or an award. Rather, the basis was a change or loss in wages. There had been no termination of the agreement.

As said in *Holtz v. McGraw & Bindley*, 161 Pa. Superior Ct. 371, 378, 54 A. 2d 905, 909: "At the time the suspension order was entered, an agreement existed for the payment of compensation, and it was not terminated. It was suspended, and properly so, but when the suspension is lifted, the old agreement remains and continues. . . . Equivalent wages simply remove the claimant from the compensation rolls of the defendant during the period that the claimant receives such equivalent wages, and neither fixes the amount of claimant's disability or the loss of earning power, nor affects the burden of proof." See, also, *Giannetti v. M. C. Seib Company*, 163 Pa. Superior Ct. 530, 533, 63 A. 2d 464; *Bush v. Lehigh Brick Company*, 176 Pa. Superior Ct. 634, 639, 109 A. 2d 206.

Defendants rely upon *Jericho v. Liggett Spring & Axle Co.*, 176 Pa. Superior Ct. 128, 106 A. 2d 846, which, in a fundamental respect, is distinguishable from the present case. There the claimant having signed a final receipt sought reinstatement of a previously suspended agreement sixteen months after the end of the 300-week period for partial disability on the ground that total disability recurred. We held that the statute was applicable and that claimant's petition was barred. Likewise in *Harrington v. Mayflower Manufacturing Company*, 173 Pa. Superior Ct. 130, 96 A. 2d 180, the claimant had signed a final receipt, and subsequently filed a petition for modification of an agreement, alleging recurrence of disability. We held

that the one-year limitation under section 413 applied. These authorities are not controlling on the undisputed facts of the instant case, as we are here concerned with a change in earnings, not with a change in disability.

Defendants argue that prior to the Act of 1939 (Act of April 13, 1927, P. L. 186, §6) and subsequent thereto (Act of February 28, 1956, P. L. (1955) 1120, §1), 77 PS §772, the disposition of claimant's petition may have been proper, but that under the Act of 1939 the limitation was one year from the last payment of compensation. The Act of 1956 amending section 413 states: "And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the accident that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury." The Act of 1956 may have been deemed advisable to clarify any possible ambiguity in the law, but we are nevertheless of the opinion that claimant was not precluded by §413 of the Act of 1939 on the facts of this case from receiving compensation to the extent of the award and judgment.

Judgment is affirmed.