Dougher *v.* Lummus Company et al., Appellants.

616

Argued October 7, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George D. Sheehan,* for appellants.

*Milford J. Meyer,* for appellee.

OPINION BY WATKINS, J., November 12, 1957:

This is an appeal by the appellant employer and insurance carrier, from a judgment entered in favor of appellee employee in a workmen's compensation case.

The appellee was injured in an accident on June 10, 1953, in the course of his employment as a metal chipper. His injury was described as ruptured discs. A Workmen's Compensation Agreement was executed by the parties on September 9, 1953. Under the agreement the appellee was paid $30 a week from June 21, 1953 to January 10, 1954.

A Supplemental Agreement was executed on January 13, 1954 which set forth that appellee returned to work on January 11, 1954 at a rate of pay greater than that at the time of the injury of June 10, 1953. The agreement further provided, "Compensation weekly indemnity benefits will be suspended therefore until such time as disability should recur resulting in a loss of earning power as a result of the accident of June 10, 1953."

On March 3, 1955 the appellee petitioned for reinstatement of compensation and made the following averment: "And as ground for this petition I allege that subsequent to the said January 18, 1954 my dis-

ability recurred in the following manner and to the following extent; I am unable to work and in need of medical treatment." The referee found that the disability as a result of the accident recurred, and awarded benefits. The appellants appealed to the board which found that the appellee's petition was filed too late and was barred by Section 413 of The Pennsylvania Workmen's Compensation Law. The action of the board was appealed to the Court of Common Pleas of Wayne County. The lower court reversed the board and entered judgment for the appellee in accordance with the order of the referee. Hence this appeal.

The appellants contend that since more than one year elapsed from the last payment of benefits to the time of filing the petition for reinstatement of compensation, the appellee is barred by the provisions of Section 413 of the Act of June 21, 1939, P. L. 520, 77 PS §772, revising and re-enacting The Pennsylvania Workmen's Compensation Act of 1915.

This question has been passed upon by this Court in *Lasick v. Consumers Mining Co.*, 182 Pa. Superior Ct. 414, 128 A. 2d 144 (1956), where the facts are quite similar to the instant case. In that case an open agreement was executed by the parties based on partial disability. A petition by the employer to terminate was filed. At a hearing thereon, it was stipulated by the parties that claimant had returned to his regular employment without loss of earnings so that the agreement was suspended. More than one year after the last payment of benefits, but before the 300-week period applicable to partial disability had passed, the claimant petitioned to reinstate compensation. The employer pleaded the one year statute as a bar. This Court held on appeal, that the statute was not a bar to benefits under these facts, and speaking through President Judge RHODES, at page 416 said:

"Claimant admittedly had a disability as a result of the accident but he was able to earn wages equal to or greater than those which he earned at the time of the accident. Consequently compensation payments were suspended during that period, and defendants were relieved to that extent.

"The applicable Act of Assembly provided for a period of 300 weeks for partial disability, and claimant filed his petition within that period. Claimant did not undergo a change in disability for which he sought reinstatement of an agreement or an award. Rather, the basis was a change or loss in wages. There had been no termination of the agreement.

"As said in Holtz v. McGraw & Bindley, 161 Pa. Superior Ct. 371, 378, 54 A. 2d 905, 909: 'At the time the suspension order was entered, an agreement existed for the payment of compensation, and it was not terminated. It was suspended, and properly so, but when the suspension is lifted, the old agreement remains and continues. . . . Equivalent wages simply remove the claimant from the compensation rolls of the defendant during the period that the claimant receives such equivalent wages, and neither fixes the amount of claimant's disability or the loss of earning power, nor affects the burden of proof'."

In the instant case, the appellee was being paid full benefits and was totally disabled at the time of the execution of the original agreement. Here there was no petition to terminate, but a supplemental agreement by the parties suspending benefits until such time as disability should recur that would result in loss of earning power. It is true that there was a change in disability as well as a change in earning power while the supplemental agreement was in effect. The record shows, however, that although his earning power was not diminished at that time, his physical condition did

not permit him to perform his former duties and he was given lighter work. At the time of his petition, more than one year after the receipt of his last payment of benefits, the total disability caused by the ruptured discs had recurred. He was unable to work at all. His disability had recurred so that it was exactly the same, so far as ability to work was concerned, as at the time of the original agreement for total disability.

And here, making the appellee's case stronger, under the facts, than the *Lasick* case, the agreement of the parties says in so many words, "There is still some slight residual disability but it is anticipated that it disappear in the near future. Compensation weekly indemnity benefits will be suspended, therefore, until such time as disability should recur resulting in a loss of earning power as a result of the accident of June 10, 1953." The parties had agreed that even though there was no loss of earning power, the disability existed, which it was anticipated might disappear. This, together with the fact that the appellee continued to have pain and was unable to do his former work indicated the continued existence of his disability. What they anticipated did not happen and instead of improving, recurred so that he was unable to work. The statutory period of 300 weeks had not elapsed, there had been no final receipt signed, there had been no termination of the agreement. Disability had continued and his earning status had changed from $52.30 a week to nothing per week. Under these facts, the case falls clearly within the rule laid down by this Court in *Lasick v. Consumers Mining Co.*, supra, and the statute is not a bar to benefits.

The line of cases cited by the appellee, including the leading case of *Jericho v. Liggett Spring and Axle Co.*, 176 Pa. Superior Ct. 128, 106 A. 2d 846 (1954), have

been ably distinguished by this Court in the *Lasick* case.

The appellants further contend that the lower court had no authority to reinstate the findings of the referee nor to enter judgment "in accordance with the order of the referee." We are constrained to agree with this contention because, under the decisions of this Court, the lower court was bound to remand the case to the Workmen's Compensation Board for a determination of the question of fact relating to disability. The referee's finding of fact No. 8 was as follows: "We find as a fact that beginning February 21, 1955, the petitioner again became totally disabled due to pain in the lower back and loss of function and weakness of both hands and arms, as a result of the accidental injury of June 10, 1953." The referee's Conclusion of Law No. 2 was as follows: "Since the claimant suffered a recurrence of disability as a result of the accident of June 10, 1953, he is entitled to compensation provided by the Act." It was from these findings that an appeal was taken to the board. The board vacated these findings and substituted its finding that the petition was barred by the statute.

The lower court, in its opinion, set forth that there was sufficient in the record to support the findings of the referee as to the present disability of the appellee as a result of injuries resulting from the accident and that the record fully supported the award. We are persuaded to agree with the lower court, but the law is clear that the lower court cannot substitute its findings for the findings of the Workmen's Compensation authorities. "Neither the court below nor the appellate court has the authority to weigh the evidence and substitute findings for those of the Workmen's Compensation Board." *Caviston v. Lang et al.*, 152 Pa. Superior Ct. 51, 31 A. 2d 566 (1943).

622

So although we affirm the action of the court below in holding that the appellee's action is not barred by the statute, it is necessary to remand the record to the court below with instructions to remit it to the Workmen's Compensation Board for specific findings as to the disability of the appellee and its relation to the accident. The judgment is reversed and the record ordered remitted to the Workmen's Compensation Board for further action consonant with this opinion.