## Joseph *v.* Bossert, New Castle Division et al., Appellants.

Argued November 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William W. Milnes,* with him *Brandt, Riester, Brandt & Malone,* for appellants.

*Marjorie A. Young,* for appellee.

OPINION BY HIRT, J., January 21, 1958:

On May 19, 1953, the claimant-plaintiff suffered a fractured radius of the left forearm in the course of his employment, when a moving truck pinned the arm against a wall. An open agreement was entered into providing for the payment by the defendant of compensation for total disability. And on August 19, 1953, a supplemental agreement was entered into between the claimant and the defendant to the same effect after an unsuccessful attempt by claimant over a period of four days to perform his former work. On October 19, 1953, the defendant filed a petition to terminate the agreement on the ground alleged that disability had ended on August 31, 1953. When the petition came on for hearing on November 20, 1953, it was stipulated that claimant was still partially disabled although his disability then was not reflected in loss of earning power. Accordingly the referee, by order, dismissed the petition for termination, and suspended payments of compensation under the agreement as of August 31, 1953, "to continue as long as claimant's earning power is not impaired, not to exceed, however, the limitations made and provided by the Workmen's Compensation Act, as amended."

On October 17, 1955, the claimant filed his petition for review of the compensation agreement, upon which payments had been suspended, under the second para-

graph of §413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended. In response, the defendant moved that the petition be dismissed. After hearing, the referee in effect ordered a resumption of the payments of compensation for disability amounting to 25% partial, in accordance with medical testimony as to which there was no dispute. The board affirmed the order. This appeal raises the single question whether there was error in the refusal of the board, affirmed by the lower court, to dismiss the petition for a review of the agreement because it was filed more than one year after the date of the most recent payment of compensation.

This important section of the Workmen's Compensation Act here involved has resulted in much confusion in its application. The second paragraph of §413 in the amendment of April 13, 1927, P. L. 186, gave the compensation authorities the power "at any time . . . [to] modify, reinstate, suspend, or terminate an original or supplemental agreement or an award . . . Provided, That . . . except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation . . ." The apparent contradiction in terms in the Act as to when its benefits could be invoked has been resolved by judicial interpretation. The phrase "at any time" referred to a time within the compensable period of the agreement or the award (i.e., within 500 weeks for total or 300 weeks for partial disability and not thereafter), and the phrase in the proviso "within one year after the date of the *last* payment" referred exclusively to the time of the final payment on an agreement or an award that had been *terminated* and not to one which still remained in force, although the employer had stopped making payments

thereon. *Furman v. Standard P. Steel Co.*, 111 Pa. Superior Ct. 44, 169 A. 243. The language "at any time" in §413 of the 1927 Act was similarly construed in *Stevenson v. Westmoreland Coal Co.*, 146 Pa. Superior Ct. 32, 21 A. 2d 468 (where compensation payments had been suspended) to mean within 500 weeks or 300 weeks, depending on whether total or partial disability was involved, and not thereafter.

Section 413 in the amendment of June 21, 1939, P. L. 520, provided: "That, except in the case of eye injuries, an agreement or an award can only be reviewed, modified, or reinstated during the time such agreement or award has to run, if for a definite period; and, except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the *most recent* payment of compensation made prior to the filing of such petition." In *Lasick v. Consumers Mining Co.*, 182 Pa. Superior Ct. 414, 128 A. 2d 144, a compensation case under the 1939 amendment there was an open agreement for partial disability which was suspended within the 300-week period when claimant returned to his regular employment without loss of wages (*Scipani v. Pressed Steel Car Co. et al.*, 150 Pa. Superior Ct. 410, 28 A. 2d 502). In the *Lasick* case we, in an opinion by President Judge RHODES, held that the petition to reinstate compensation payments more than one year "after the date of the *most recent* payment of compensation" was timely. That case was concerned "with a change in earnings and not a change in disability."

The present proceeding to reinstate payments of compensation was brought under the Act of September 29, 1951, P. L. 1576 in which the amended §413 was a rescript of the 1939 amendment. In any view if there is doubt as to the validity of our conclusion that the

present petition was timely, it is dispelled by the amending Act of February 28, 1956, P. L. (1955), 1120, 77 PS §772. Section 413 is procedural merely and the 1956 amendment is applicable to the present *pending* proceeding for that reason. *DeJoseph v. Std. S. Car Co. et al.,* 99 Pa. Superior Ct. 497; *Vetrulli v. Wallin Concrete Corp.,* 144 Pa. Superior Ct. 73, 18 A. 2d 535; *Brusco v. Phila. Rapid Transit Co.,* 148 Pa. Superior Ct. 97, 24 A. 2d 710; *Hartman v. Penna. Salt Manuf. Co.,* 155 Pa. Superior Ct. 86, 89, 38 A. 2d 413. Cf. *Ketzel v. Hammermill Paper Co.,* 159 Pa. Superior Ct. 462, 48 A. 2d 89. The 1956 amendment of §413 in respects applicable here, provides "That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the accident that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury." Here compensation was suspended for the above reason and the application to resume payments was made within the 300-week period.

Contrary to the appellant's contention the case of *Jericho v. Liggett Spring & Axle Co.,* 176 Pa. Superior Ct. 128, 106 A. 2d 846, is of no controlling importance. Aside from the factual difference there the claimant's petition for reinstatement was filed after the 300-week period of partial disability. The holding of the *Jericho* case has been nullified by the 1956 amendment, supra, as applied to the present case, and properly so, in the interest of fair dealing. It would be most inequitable to bar this claimant from enforcing an agreement or an award for partial disability merely because his compensation had been suspended, under the rule of the *Scipani* case, supra, for more than one year, if he was

bound to proceed within that period for a resumption of payments, with complete extinguishment of his right to further compensation payments as a penalty for his failure to do so.

Judgment affirmed.