## Skander v. Atlantic Crushed Coke Co.

*Joseph M. Loughran,* for claimant.

*Smith, Best & Horn* and *Robert W. Smith, Jr.,* for defendant.

O'CONNELL, J., February 13, 1958.—This is a workmen's compensation claim based upon an accident which occurred on September 5, 1951. The referee awarded claimant compensation for total disability, and the Workmen's Compensation Board dismissed defendant's appeal and affirmed the award. The matter comes before us on defendant's appeal from the decision of the board. The facts are as follows:

On September 5, 1951, claimant suffered an accidental injury when a motor on which he was riding jumped the track and caused claimant to sprain his back. An open agreement was entered into between

claimant and defendant company, providing for the payment of compensation on the basis of total disability. Claimant returned to work on October 16, 1951, and defendant filed a petition to terminate, averrring that claimant had returned to work without disability or loss of earning power. The referee found, after a hearing, that although claimant had returned to work without loss of earnings, he still suffered a 10 percent partial disability, and that, therefore, compensation payments should be suspended rather than terminated. The order of suspension was dated April 7, 1952.

On June 5, 1956, claimant filed a petition to review, alleging that his disability as a result of the accident had recurred, and that he had been totally disabled since August 1, 1953. Defendant denied that claimant had suffered a recurrence, and further contended that since the petition to review had not been filed within one year from the date of the last payment of compensation, it was barred by section 413 of the Workmen's Compensation Act.

Since the basis of the petition to review is a recurrence of disability, the first paragraph of section 413 has no application, and we are concerned only with the second paragraph of that section, the pertinent portions of which read as follows:

"The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or

has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That, except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within two years after the date of the most recent payment of compensation made prior to the filing of such petition: . . . And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the accident that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury": Act of February 28, 1956, P. L. [1955] 1120, 77 PS §772.

Prior to the amendment of 1956, which became effective 30 days after February 28, 1956, the second paragraph of section 413 provided that a petition for review, etc., must be filed within one year after the date of the most recent payment of compensation made prior to the filing of such petition. This amendment is not important in the determination of claimant's rights in this case, for the petition to review was filed more than two years after the date of the most recent payment of compensation, which was October 22, 1951. The amendment of 1956, however, also added the last provision, above quoted, with respect to the resumption of payments after a suspension.

Counsel for defendant contended, in their answer to the petition to review, that the petition was barred by section 413 because it had not been filed within one year after the most recent payment of compensation. Apparently they have retired from that position, however, for in their brief before this court they discuss

the 1956 amendment and, apparently conceding its applicability, now contend that since claimant was suffering a 10 percent partial disability at the time of the suspension order, "the Board's order should be changed and the claimant should be awarded compensation on the basis of a ten per cent partial disability, commencing as of the date when the claimant's employment was terminated".

This would be the correct disposition of the case if the testimony had shown claimant's disability to be 10 percent partial at the time of the hearing on the petition to review. The compensation authorities have found as a fact, however, that claimant has been totally disabled since August 1, 1953, and to the extent that that finding is consistent with the other findings and with the conclusions of law, and is supported by legally competent evidence, this court cannot disturb it.

Defendant relies on the case of Jericho v. Liggett Spring and Axle Co., 176 Pa. Superior Ct. 128. In the Jericho case there was an open agreement for compensation, after which claimant returned to work and executed a final receipt. He subsequently filed a petition to set aside the final receipt, and the referee set it aside and suspended the payment of compensation beginning November 19, 1942, until such time as claimant's disability was reflected in a loss of earnings. On June 17, 1946, claimant filed a reinstatement petition averring that since November 25, 1945, he had been totally and permanently disabled. The referee entered an order reinstating compensation under the open agreement and modified it to provide for 50 percent partial disability for a period of about four months during which it was agreed that claimant was 50 percent disabled. The referee suspended payments beginning March 26, 1946, because claimant

had returned to work without loss of earnings. On August 22, 1949, 16 months after the end of the 300-week period for partial disability payments, claimant filed a petition to reinstate the award, which was suspended on May 16, 1944, averring that total disability recurred on August 5, 1949.

The Superior Court in the Jericho case reviewed the provisions of section 413 and the various amendments thereto, and concluded that when the legislature amended the Act of 1939 to provide that a petition to reinstate, etc., must be filed within one year after the date of the most recent payment of compensation made prior to the filing of such petition, it intended exactly what it said. The court referred to the words "at any time" in the first part of the second paragraph of section 413 and stated that it had been held in numerous cases that those words mean at any time during the contemplated period the agreement has to run, i. e., 500 weeks for total disability and 300 weeks for partial. The court held, however, that when the legislature imposed the one-year limitation and limited the filing of the petition to the date of the most recent payment of compensation made prior to the filing of such petition, it must have intended to further limit the time for the filing of a petition for review. The Superior Court reversed the judgment of the lower court and entered judgment in favor of defendants on the ground that claimant's petition had not been filed within the time provided by the act.

The Workmen's Compensation Board in the present case felt that the reason for the decision in the Jericho case, and in the case of Harrington v. Mayflower Manufacturing Co., 173 Pa. Superior Ct. 130, was based upon the fact that the original agreement had terminated at the time the petition was filed, rather than on the fact that the petition was not filed within one year after the date of the most recent payment

of compensation. We do not agree with the board. In the Jericho opinion there was no indication that the decision was based upon the fact that the agreement had terminated, and the same is true in the Harrington case. Both were predicated on the failure to file within one year after the date of the most recent payment. There was a suspension order in the Jericho case, but not in the Harrington case.

The effect of the decision in the Jericho case was such that the last session of legislature amended section 413 by the addition of the following provision:

"And provided further, that where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the accident that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury."

The 1956 amendment was in effect on June 5, 1956, the date of the filing of claimant's petition to review in this case. The right to have compensation payments resumed, as provided in the above quoted amendment, is a procedural right to which claimant is entitled, even though the provision did not appear in the act which was in effect at the time of the accident. We conclude, therefore, that the Jericho case is not applicable, because it was decided prior to the 1956 amendment.

In the case of Lasick v. Consumers Mining Company, 182 Pa. Superior Ct. 414, the facts were quite similar to those in the present case, even as to dates. As in the present case, claimant in the Lasick case was paid compensation under an open agreement, and returned to work on October 16, 1951, without loss of earnings, although partially disabled. Defendants filed a petition to terminate, and it was stipulated

before the referee that compensation payments be suspended as of October 16, 1951, and that claimant had a partial disability not reflected in his earnings. The referee suspended compensation payments as of October 16, 1951, and on October 14, 1953, claimant filed a petition to reinstate compensation payments because his disability was then reflected in a change of earnings. The Superior Court in the Lasick case held that since claimant's petition had been filed within the 300-week period, it was not barred even though filed more than a year after the last payment of compensation. Unfortunately, the court in the Lasick case appeared to base its decision upon the fact that the case involved a change in earnings rather than a change in disability, and for that reason the Lasick case is not conclusive in the instant case, for claimant here contends that he has suffered a recurrence of disability. The court in the Lasick case, however, would seem to give weight to the fact that the 300-week period under the agreement had not terminated, which is also true in this case.

As we have stated previously, counsel for defendant do not contend in their brief that claimant's petition is barred by section 413 of the act, but urge that under the 1956 amendment all claimant is entitled to is a resumption of payments under the award on the basis of a 10 percent partial disability. The only medical testimony in the case indicates, however, that except for two brief periods during which claimant did some type of work, he has been totally disabled since August 1, 1953. The board has chosen to give credence to this testimony and has made findings of fact predicated thereon. These findings are amply supported by the medical testimony, and we cannot disturb them. See Carter v. Vecchione, 183 Pa. Superior Ct. 595; Dandy v. Century House and Window Cleaning Co., 179 Pa. Superior Ct. 365, 366.

Since the compensation authorities have found that claimant is suffering not a 10 percent partial disability, but total disability, there would be no basis on which we could pursue the suggestion of defendant and direct the resumption of compensation payments on the basis of 10 percent partial disability. If compensation payments were resumed on a 10 percent partial disability basis, then claimant could file a new petition to review under the second paragraph of section 413 and show that his disability has become total. Such a petition would not be subject to the objection that it was filed more than one year (or under the amended act, more than two years) after the most recent payment of compensation. It would be a useless thing for us to direct that compensation be resumed on the basis of 10 percent partial disability, as suggested by defendant's counsel, and then require him to wait until after one payment has been made to file a petition for review in order to show that his disability is now total rather than partial. Our appellate courts have held consistently that if a claimant is entitled to relief under any section of the act, the case will be treated as though relief had been requested under the section of the act under which the order should have been requested: Hill v. Booth & Flinn Company, 146 Pa. Superior Ct. 575, 580; Kissell v. Harbison-Walker Refractories Company, 157 Pa. Superior Ct. 37, 40; Selinsky v. New Shawmut Mining Company, 178 Pa. Superior Ct. 240.

We conclude that claimant's petition is not barred by the provisions of section 413, and that defendant's appeal should be dismissed.

### Decree

And now, to wit, December 20, 1957, it is ordered, adjudged and decreed that defendant's appeal from the decision of the Workmen's Compensation Board be, and the same hereby is, dismissed.