Zupicick v. P. & R. C. & I. Co., Appellant.

Argued October 27, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Penrose Hertzler,* and with him *J. A. Welsh* and *John F. Whalen,* for appellant.—The Workmen's Compensation Board has no jurisdiction to grant a review of an agreement on a petition filed after more than five hundred weeks have elapsed since the beginning of compensable disability: Gairt v. Curry Coal Mining Co., 272 Pa. 494; Manley v. Lycoming Motors Corp., 83 Pa. Superior Ct. 173; Stinger v. Rinold Brothers, 80 Pa. Superior Ct. 420.

*Roger J. Dever,* for appellee, cited: Hughes v. American International Shipbuilding Corp., 270 Pa. 27; Hudyck v. Wyoming Shovel Works, 299 Pa. 182.

OPINION BY KELLER, J., January 25, 1933:

Joseph Zupicick was hurt by an accident in the course of his employment with the defendant company on January 5, 1921. On January 16, 1921, an agreement was entered into between the parties, with the approval of the Workmen's Compensation Board, under which the defendant paid compensation for total disability to the claimant until May 23, 1925, amounting in all to $2,632.84, at which time a final receipt was signed.

On December 18, 1930, five hundred and eighteen weeks after the date of said compensation agreement, the claimant filed a petition asking that the final receipt be set aside and an order entered awarding compensation for the loss of the industrial use of his right eye, as a result of the accident. The original agreement of compensation did not refer to any injury to the eye, but the evidence is uncontradicted that as early as 1922 the claimant was having his eye treated as a result of the accident.

The referee reopened the case and on July 13, 1931 awarded claimant compensation for 125 weeks at $12 a week, for the loss of the industrial use of the right eye. The board, on appeal, reinstated the compensation agreement, modifying it so as to bring it within the provisions of section 306 (c), and dismissed the appeal. The court of common pleas affirmed the board and entered judgment accordingly.

The question before us is whether the referee and board had power to reinstate the compensation agreement on a petition filed more than 500 weeks after it had been entered into. This requires a consideration of sections 413 and 434 of the Amendment of June 26, 1919, P. L. 642, 661, 669, to the Workmen's Compensation Law. The later amendment of section 413 by the Act of April 13, 1927, P. L. 186, does not apply, for eye injuries are specially excepted from its operation.

We pointed out in DeJoseph v. Standard Steel Car Co., 99 Pa. Superior Ct. 497, 502, that section 413 of the amended act of 1919 was a consolidation and took the place of two separate sections in the original Workmen's Compensation Act of 1915, viz., 423 and 426. Its first paragraph relates to the review, and modification or setting aside of *existing compensation agreements* on the ground of fraud, coercion or other improper conduct of a party, or when the agreement was founded on a mistake of law or fact. We pointed out in the DeJoseph case and in Keifer v. Phila. & Reading C. & I. Co., 102 Pa. Superior Ct. 235, 239, 156 Atl. 722; and Zavatskie v. Phila. & Reading C. & I. Co., 103 Pa. Superior Ct. 598, 159 Atl. 79, that the mistake of law or fact contemplated by this paragraph related to a fact or condition existing at the time the agreement sought to be reviewed was made.

The second paragraph relates not only to existing compensation agreements but also to those which have been terminated, and gives the board or referee power

to modify, *reinstate*, suspend or terminate a compensation agreement, original or supplemental, or an *award*, on petition filed by either party, and upon proof, that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. This paragraph covers changes that have occurred in the claimant's physical condition since the agreement was entered into or terminated. The first paragraph does not. This second paragraph was affected by the amendment of 1927, supra,—except as to eye injuries—by fixing a time limit within which the review, modification and reinstatement could be applied for, viz., as to agreements or awards under section 306 (c), which were for a definite period, during the time the agreement or award was to run; as to all other agreements or awards—except eye injuries,—within one year after the date of the last payment of compensation: Savidge v. Dime Trust & Safe Deposit Co., 108 Pa. Superior Ct. 333, 164 Atl. 734. We pointed out in Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94, and Keifer v. Phila. & Reading C. & I. Co., supra, p. 239, that this amendment of 1927 did not apply to the first paragraph of section 413. In addition to the reasons therein given for such ruling we add the following: The amendment relates to *agreements or awards;* so does the second paragraph of the section; while the first paragraph is restricted to compensation agreements. The amendment likewise embraces agreements which have been terminated, for it provides for their reinstatement, if applied for within a year after the date of the last payment of compensation, "with or without agreement;" so does the second paragraph of section 413; but the first paragraph is concerned only with *existing agreements,* which may be reviewed and modified, or reviewed and set aside, for the reasons therein given.

We have gone into the matter thus fully again, be-

cause of the emphasis laid by the board on the words "at any time," which appear in the first paragraph of section 413, (and are also found in the second paragraph of that section, and in section 434), as follows: "Section 413. The board or a referee designated by the board, may, at any time, review and modify or set aside an, original or supplemental agreement" etc., arguing therefrom that this places no limit whatever on the right of the board to reinstate an agreement or award and to set aside a final receipt. Certain excerpts from opinions of the Supreme Court are cited as sustaining this view; for example, Hughes v. American International Shipbuilding Corp., 270 Pa. 27, 112 Atl. 433; Chase v. Emery Mfg. Co., 271 Pa. 265, 269, 113 Atl. 840; Hudyck v. Wyoming Shovel Works, 299 Pa. 182, 149 Atl. 312. What the Hughes case (supra) decided was that the limitation of one year fixed in the Workmen's Compensation Act, within which claims for compensation must be filed, did not apply to the right of review. The extract from the case of Chase v. Emery Mfg. Co., relied on by the board, viz., "There is no limitation of time on the right of review" (p. 269) followed immediately a reference to the Hughes case, supra, with a statement that it ruled, that when compensation had been paid under a written agreemen, filed with the board under the act, the board had jurisdiction to review it though more than one year had elapsed since the last payment. It meant, in our opinion, that the limitation of one year fixed in the act for the bringing of proceedings did not apply to the right of review. We so construed it in Manley v. Lycoming Motors Corp., 83 Pa. Superior Ct. 173, where we said: "And in Chase v. Emery Mfg. Co., 271 Pa. 265, 269, the court said: 'There is no limitation on the right of review,' probably intending thereby, within the limit of 500 weeks contemplated for total disability." We were led to this conclusion from a careful consideration of the case of Gairt v. Curry Coal Mining

Co., 272 Pa. 494, 116 Atl. 382, (decided only seven months after the opinion in Chase v. Emery Mfg. Co. was filed), where the Supreme Court was considering, not the limitation within which proceedings might be instituted, but the time within which a compensation agreement might be reinstated, under the second paragraph of section 413, and said: "The relevant legislation clearly contemplates that after a compensation agreement has been filed, or an order for compensation made, persons affected may apply for a review and modification during the time the agreement or order has to run;" and it adopted in its opinion the language of the chairman of the Workmen's Compensation Board as follows, with certain additions of its own in brackets (italics ours): "The act gives the board jurisdiction over an agreement [for purposes of review] at any time during the life of the agreement, or during the period of time [it has] to run. A disability agreement contemplates a total payment of compensation to the claimant for a period of 500 weeks. If, for any good cause ...... by action of the board, the employer is relieved of payment of compensation, at any time during that period, such action is entirely to the benefit of the employer, and he cannot complain if, *subsequently, during the 500 weeks,* a changed status of the claimant revives the employer's liability to pay compensation. When the referee made his order [stopping payments], the use of the word 'terminate' was unfortunate, as it [likewise] was, in the original act. It was beyond the power of the referee to find that total disability had so absolutely ceased that there could be no further liability on the part of the employer to pay the injured man on that basis. All the referee could [properly] find, as a fact, under the medical testimony at the time, was that the malignant features of total disability had disappeared; he could not find, nor could any human being know, that, at some time in the future, *within the running of the*

*agreement as contemplated by the law,* there would not be a recurrence of total disability (as there has been in this case). When a workman is injured and a compensation agreement is entered into, it is within the minds of the parties, or at least the law imputes the intention to the parties, that such agreement may run 500 weeks, if the injury develops total disability for that length of time; so that, when the board, either of itself, or by one of its referees, relieves the employer of such payment, it merely suspends that payment or that obligation, waiting further developments of injuries. The legislature recognized this fact when it included in the amended law (see section 413, Act of June 26, 1919, P. L. 642, 661) the word 'suspend.' Many times previous to that amendment the board had made suspensory orders to relieve an employer from present payment, but preserving at the same time the right of payment to the injured man, should there be a recurrence of disability.''

That case was concerned with total disability, which under the law may be compensated for 500 weeks. As to partial disability the law fixes a limit of compensation of 300 weeks, and the jurisdiction of the board for the purposes of review in cases of partial disability would accordingly be limited to 300 weeks, which is the time ''the agreement or order has to run,'' under the law, in cases of partial disability: Ludington v. Russell Coal Co., 90 Pa. Superior Ct. 318. Hence in applying the case of Gairt v. Curry Coal Mining Co., supra, to cases of partial disability, we fixed the limitation for review, in such cases, (in the absence of fraud, etc.) to 300 weeks: Wyinskie v. P. & R. C. & I. Co., 95 Pa. Superior Ct. 170, 173 (LINN, J.); Johnson v. Jeddo Highland Coal Co., supra, p. 98.

We think the construction of the Workmen's Compensation Law contained in the Gairt case is clearly right. As we pointed out before, the first paragraph of section 413 (as amended in 1919), refers to *existing*

*compensation agreements,* which the board is authorized to review and modify or to review and set aside, on the grounds specified. Agreements which have been terminated or suspended are taken care of by the second paragraph of section 413 and by section 434. Therefore, when the act says of existing agreements that they may be reviewed and modified or set aside "at any time," it necessarily intends that such action be taken during the contemplated period it has to run, viz., 500 weeks for total disability and 300 weeks for partial disability; and when the same expression, "at any time," is used immediately thereafter in the second paragraph, the same meaning attaches to the words.

Any other construction would allow an employee, who claims for eye injuries, a period absolutely without limit, in which to ask for a review. As the able counsel for appellee frankly admitted at the oral argument, an employee who was totally disabled by an accident from working for several months, and received compensation therefor, could come in twenty or thirty years afterwards and demand compensation for the loss of both eyes, which had just developed, if some doctor would testify that such loss was attributable to the accident which occurred twenty or thirty years before. We think such an unreasonable result is contrary to the plain provision of the statute.

The case of Hudyck v. Wyoming Shovel Works, supra, relied on by the appellee and the board, is in entire conformity with this view of the act, for the petition to review in that case was filed within the period of 500 weeks.

The assignments of error are sustained. The judgment is reversed and the record is remitted to the board, with directions to dismiss the petition for review.