Pete, Appellant *v.* MacDonald Engineering Company et al.

Argued April 30, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Arthur L. McLaughlin, Jr.,* for appellant.

*Fred J. Jordan,* and with him *Murray J. Jordan,* for appellee.

PER CURIAM, May 7, 1935:

The court below correctly applied our ruling in Zupicick v. P. & R. C. & I. Co., 108 Pa. Superior Ct. 165, 164 A. 731, to the facts in this case.

The claimant was injured on July 21, 1926, while in

the course of his employment with MacDonald Engineering Company. A compensation agreement was entered into under which compensation payments for total disability were made up to and including March 31, 1928. On April 5, 1928, a supplemental agreement was entered into setting forth that claimant's disability had changed from total to partial; that he was suffering with a 20% disability; and that he was entitled to compensation from March 31, 1928, at the rate of $2.40 per week so long as his disability continued unchanged. He received under this agreement compensation at the rate of $2.40 per week until the expiration of the statutory period of 300 weeks, which ended April 29, 1932, at which time a final receipt was signed.

On November 23, 1932, claimant filed a petition to review this supplemental agreement alleging that at the time he signed it he did not know his rights and that he was still disabled. The defendant answered, denying the allegations of the petition. The referee found that the claimant was *partially* disabled, but that his disability was greater than 20%, and increased the compensation rate for the period covered by the supplemental agreement, 212-5/7 weeks, from $2.40 to $12, the percentage of disability being such as to equal or exceed the maximum allowance of compensation. The Workmen's Compensation Board affirmed the referee. The court below, on appeal, reversed the Board.

Claimant's disability having been found by the referee and the Board to be partial and not total, it comes within Section 306 (b) of the Workmen's Compensation Act, and not Section 306 (a). The period of limitation is 300 weeks, not 500; and petitions for review under Section 413, or to set aside a final receipt, under Section 434, must be filed with the Board within 300 weeks after the first payment of compen-

sation was due. This is not affected by the fact that the compensation payable to him for such partial disability may be as much as the maximum for total disability. His disability is, none the less, partial, and is governed by the section of the law relating to partial disability.

Appellant raises in this court a point not raised in the court below, because the decision there appealed from was favorable to him. He points out that under the supplemental agreement between the parties there was a clerical error in fixing claimant's compensation at $2.40 per week; that it should have been $4.20. His weekly wage was $35. Sixty per cent of this (which was the percentage then in force) would be $21, and 20% of this, which was the agreed disability, would be $4.20. The figure was mistakenly fixed at $2.40, being 20% of the maximum weekly allowance of $12. The error in calculation was made by defendant's agent.

We need not decide whether a plain clerical error of calculation, such as this, comes within our rulings in Zupicick v. P. & R. C. & I. Co., supra, and McKissick v. Penn Brook Coal Co., 110 Pa. Superior Ct. 444, 168 A. 691, for the appellees, very fairly and conscionably, have agreed to correct the error and have stipulated that judgment may be entered against them, as of date of April 30, 1935, for $509.12, which is the additional amount the claimant would have received for 212-5/7 weeks at $4.20 per week instead of $2.40 per week, plus interest allowed by law. The calculation has been agreed to by counsel for both parties.

In accordance with said stipulation, the judgment is reversed and it is ordered that judgment be entered in the court below in favor of the appellant and against the appellees, as of April 30, 1935, for $509.12.