## Mouhat v. Board of Public Education of Pittsburgh, Appellant.

Argued April 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*N. R. Criss,* Solicitor, School District of Pittsburgh, for appellant.

*Nathan Holstein,* for appellee.

OPINION BY RENO, J., July 19, 1946:

This workmen's compensation case comes to us on the employer's appeal from a judgment of the court below, affirming the referee and the board which awarded claimant compensation for a partial disability.

On December 3, 1942, claimant was employed as a custodian by appellant and he sprained his back while engaged in his usual duties. The injury necessitated his absence from work from December 8, 1942, until December 18, 1942. Upon his return an open agreement was executed between the parties which provided for full compensation, at $18.00 a week, for the period from December 15, 1942, to December 18, 1942. The proper compensation was paid in January, 1943, and a final receipt was executed by claimant. Claimant resumed his work with appellant until January 30, 1943, when, because of severe pain, he was forced to resign his position. Subsequently, on two different occasions, he obtained light work from other employers, but was unable to perform

the duties because of his pain and incapacity to move about freely. Thereafter, from April 26, 1943, he has been unemployed due to his physical condition.

On December 22, 1943, claimant filed a petition, dated December 18, 1943, under the Workmen's Compensation Act, as amended by the Act of June 21, 1939, P. L. 520, §413, (paragraph 2) 77 PS §772, praying that the agreement be reinstated, and alleging: "My back condition has recurred to the extent that I am at the present time totally and permanently disabled as a result of the same." Appellant formally admitted that the petition was filed within one year from the date of the last payment of compensation. After hearing the testimony, the referee reinstated the agreement to the extent of a fifty per cent disability, and the board and court affirmed.

Appellant contends that the award cannot be made without first setting aside the final receipt under §434, 77 PS §1001, and that nothing in the record would justify such action; that claimant's disability was continuing rather than recurring and therefore §413 of the Act, supra, cannot apply; and that the evidence produced did not sufficiently establish causal connection between the injury and claimant's present disability.

The statute, §413, supra, authorizes the reinstatement of an agreement "upon proof that the disability of an injured employe has *increased, . . . recurred, . . . Provided, That, . . . an agreement . . . can only be . . . reinstated during the time such agreement . . . has to run, if for a definite period;* and, . . . no agreement . . . shall be . . . reinstated, unless a petition is filed with the board within one year after the date of the most recent payment of compensation made prior to the filing of such petition." (Italics supplied).

Appellant's first proposition is that the agreement was terminated by the final receipt, and that therefore the petition to reinstate was not filed "during the time such agreement . . . has to run". Upon that base it builds the argument that claimant must attack the final

receipt, and secure relief through that proceeding. Our decisions are squarely against that contention. We have consistently ruled that a party may move to reinstate a compensation agreement for any of the causes set out in §413 without first setting aside the final receipt by a proceeding under §434. "Where an injured person, thinking he has fully recovered, makes a settlement with and releases the employer, it is proper, on development of future disability, to reopen the case and award compensation pursuant to the second paragraph of §413 of the Workmen's Compensation Law if the facts warrant it, . . . provided a petition is filed within the limitations fixed in that section (77 PS §772). Since the application for relief was presented within the time that the agreement had to run and within one year of the date of the last payment of compensation, the claimant is in time and is entitled to relief if the disability has increased or recurred": *Huerbin v. D. L. Clark Co.*, 140 Pa. Superior Ct. 406, 408, 14 A. 2d 175. "When the proceeding is to reinstate or modify a compensation agreement, under the second paragraph of §413, the inquiry goes directly to the question whether disability of the injured employee has increased. A final receipt then ceases to have any significance and it is not necessary for claimant first to move to have it set aside for cause under §434": *Parks v. Susquehanna Collieries Co.*, 149 Pa. Superior Ct. 535, 540, 27 A. 2d 481. See also *Smith v. Union Collieries Co.*, 155 Pa. Superior Ct. 389, 38 A. 2d 407.

The compensation agreement provided: "10. Compensation is payable for None weeks for the loss of None under section 306 (c)." We have held that the phrase, "if for a definite period", in §413 applies only to agreements entered into under §306 (c). *Augustine v. Evert Lumber Co.*, 134 Pa. Superior Ct. 167, 3 A. 2d 284. Consequently that provision did not bar claimant's petition.

Is claimant's present condition a recurrence or a continuance of the injury caused by the accident? The com-

pensation agreement stipulated: "11. Further matters agreed upon, Claimant returned to work Dec. 18, 1942, *with no disability.*" (Italics supplied). He resumed his former work and was paid the same wages he had received before the accident. This would indicate that both parties believed that the disability had then ceased, and that the condition which afterwards developed might properly be described as a recurrence. There is however testimony to the effect that claimant had not wholly recovered when he resumed his work, although for a brief period of time he fully performed his usual duties, but it may be assumed that his condition then was not serious. "If the claimant . . . when the final receipt was signed, suffered from a disability he should not have been asked to execute such a paper. If the giving of the final receipt was proper then disability undoubtedly recurred, or was aggravated subsequently": *Smith v. Union Collieries Co.,* supra, p. 392. However that may be, the testimony, both of claimant and his medical witnesses, which was accepted by the referee and the board, indubitably establishes that claimant's disability, if it did not recur, was at least increased, and this brings his case within the very terms of §413. His petition was indeed based upon a recurrence, but in workmen's compensation cases we do not exact compliance with the niceties of the rules of common law pleading. The petition might have been amended, and claimant's counsel virtually did amend it informally when at an early stage of the referee's hearings he said: "the entire question is whether or not the plaintiff's disability has recurred *or increased,* and that's what I'm trying to present in this case, and that's why we are proceeding as we are." (Italics supplied).

The medical testimony before the referee was conflicting, and it was for him and the board to appraise it and resolve the conflict. They must be left free to make their own findings and we have no right to tell them how they shall exercise that function. *Roberts v. Wanamaker,*

151 Pa. Superior Ct. 297, 30 A. 2d 189. The testimony need not be reviewed. It is enough to say that the two physicians called by claimant testified that the back sprain suffered by claimant at the time of the accident had progressed and become a chronic disability. Appellant's medical witnesses controverted that position, and ascribed his condition either to claimant's general nervous temperament or to the fact that he continued to work after the injury instead of being immobilized. The impartial medical expert, appointed by the referee, found that claimant suffered from a congenital back condition which rendered him more susceptible to back strain, and that the accident aggravated this condition. The board found: "We believe the claimant suffered a back sprain which aggravated a weak back and has caused his disability. The Referee apparently considered the claimant's pre-existing condition in only awarding compensation for 50% partial disability." We find that conclusion amply sustained by competent evidence, and we cannot disturb it.

Judgment affirmed.