## Wills, Appellant, *v.* Stineman Coal & Coke Co.

Argued November 14, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*George Jerko,* with him *Llewellyn E. Lloyd,* for appellant.

*Francis A. Dunn,* for appellee.

OPINION BY RENO, J., March 18, 1952:

On December 15, 1942, appellant's right leg was crushed in a coal mine accident. An open compensation agreement was executed on December 28, 1942, under which payments for total disability were made for 179 weeks at $18 a week. On June 4, 1946, the employer petitioned for a modification and the referee modified the agreement to provide payments for 55%

partial disability as of May 27, 1946. Payments at the rate of $11.79 were made for the remainder of the 300 week period which ended on September 20, 1948, when appellant signed the final receipt. He received a total of $4648.59.

A sinus condition developed at the site of the fracture of the right tibia and on September 7, 1949, he was hospitalized for treatment. On October 14, 1949, the right leg was amputated 6½ inches distal to the knee joint. By December 12, 1949, the stump was completely healed and appellant was discharged from the hospital. Appellant's injury was confined to the right leg area and no other organs or parts of his body were affected. On January 9, 1950, almost 16 months after the last payment of compensation, he petitioned for an order to set aside his final receipt and for reinstatement of compensation, claiming that the amputation entitled him to additional payments as for a total disability from September 7, 1949 to December 12, 1949. The compensation authorities, affirmed by the court below, denied his claim, and this appeal followed. The judgment will be affirmed.

The Workmen's Compensation Act, §306, as amended by the Act of June 21, 1939, P. L. 520, §1, 77 P.S. §511, et seq., which was in force when the accident occurred, provides compensation for (a) total disability for a maximum period of 500 weeks, (b) partial disability for not more than 300 weeks, and (c) permanent injuries to certain parts of the body. For the loss of a foot the compensation under (3) is 66-2/3% of wages for 150 weeks, and amputation between the knee and ankle is equivalent to the loss of a foot. For the permanent injuries classified in clause (3) the compensation therein provided is exclusive and covers "all disabilities" resulting therefrom; and the compensation provided in (a), (b) and (c) "run concurrent-

ly." See *Moran v. Glen Alden Coal Co.,* 154 Pa. Superior Ct. 608, 36 A. 2d 845.

Had the leg been amputated immediately or shortly after the accident or during the 300 or 500 week period thereafter ensuing, appellant's claim would have been limited to the compensation provided by §306(c). *Sharcheck v. Beaver Run Coal Co.,* 275 Pa. 225, 119 A. 135; *Croll v. Miller,* 133 Pa. Superior Ct. 448, 2 A. 2d 527; *Flood v. Logan Iron & Steel Co.,* 136 Pa. Superior Ct. 101, 5 A. 2d 621; *Maher v. New Castle Grocery Co.,* 138 Pa. Superior Ct. 310, 10 A. 2d 837; *Hayden v. Stony Spring Coal Co.,* 157 Pa. Superior Ct. 423, 43 A. 2d 384; *Demin v. Yellow Cab Co.,* 166 Pa. Superior Ct. 199, 70 A. 2d 417. He would have been entitled to compensation for 150 weeks at $18 per week or a total of $2700 instead of $4648.59 which he actually received.

Amputation of the leg after appellant had received compensation under clauses (a) and (b) does not entitle him to further or additional compensation. The Act provides and the cases hold that §306(c) provides the exclusive and sole compensation for all disabilities arising from the loss of a member. "Where an employee has lost the use of a leg as the result of a compensable accident, he is not entitled to additional compensation for total disability under section 306(a) . . . unless the injury extended beyond the leg": *Hayden v. Stony Spring Coal Co.,* supra, p. 424. Moreover, compensation payments under (a), (b) and (c) run concurrently, and where an employe has been fully compensated under (a) or (b) he cannot claim additional compensation under (c). *Olinsky v. L. V. Coal Co.,* 93 Pa. Superior Ct. 221; *Rocco v. Penna. Coal Co.,* 93 Pa. Superior Ct. 224. That is to say, where an employe sustains an injury resulting in either total or partial disability for which he is compensated and in the same

accident suffers the loss of a member, compensable under §306(c), the amount payable for the latter will not be added to the compensation paid for total or partial disability.

In the court below appellant relied upon *Lente v. Luci,* 275 Pa. 217, 119 A. 132, but his injury did not extend beyond the leg area and that case is not applicable to this factual situation. Here he relied upon *Hopshock v. Hackmeister, Inc.,* 140 Pa. Superior Ct. 384, 14 A. 2d 374, and *Bauman v. Spokas,* 146 Pa. Superior Ct. 530, 23 A. 2d 211. The first case is not controlling because there was no loss of the use of the affected member, and the second rules that permanent loss of the function of a member is a permanent injury within the meaning of §306(a).

Finally, under any theory, appellant cannot recover. His petition for reinstatement was filed too late. In it he averred: "I am now totally disabled." This may be accepted as the equivalent of an averment of increased or recurrent disability, and in this Court appellant's counsel based his case upon the ground that total disability had recurred. But a petition for reinstatement because of recurrent disability must be filed within one year after the last payment of compensation. Act, supra, §413, 77 P.S. §772. *Bucher v. Kapp Bros.,* 110 Pa. Superior Ct. 65, 167 A. 652; *Roberts v. John Wanamaker,* 151 Pa. Superior Ct. 297, 30 A. 2d 189; *Mouhat v. Board of Public Education,* 159 Pa. Superior Ct. 423, 48 A. 2d 20. For that reason alone appellant's case must fail.

Judgment affirmed.