Primoli *v.* Philadelphia Bronze & Brass
Corporation et al., Appellants.

Argued March 23, 1967. Before ERVIN, P. J., MONT-GOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT and WATKINS, JJ., absent).

*Earl Thomas Britt,* with him *Paul H. Ferguson* and *Frederick W. Anton, III,* for appellants.

*Joseph Hakun,* with him *Sheer & Mazzocone,* for appellee.

OPINION BY SPAULDING, J., November 16, 1967:

This is a workmen's compensation case, the facts of which are not in dispute. In 1945, appellee Sante Primoli sustained an eye injury in the course of his employment with Philadelphia Bronze & Brass Corporation, appellant. A compensation agreement for total disability was entered and payments amounting to $272.57 were made between June 8 and October 12 of that year, at which time a final receipt was executed on termination of the disability.

In November, 1961 appellee filed a petition for reinstatement of compensation under §413 of the Workmen's Compensation Act,[1] alleging total loss of vision

---

[1] Act of February 28, 1956, P. L. (1955) 1120, §1, 77 P.S. §772 (Supp.).

in one eye as a result of the 1945 accident. The referee found that appellee had sustained permanent loss of vision of the right eye with causal connection between this loss and the 1945 injury. The referee further found that §413 "expressly excepts injuries to the eyes from its limitation provisions," and concluded that the reinstatement petition was timely filed. Compensation for permanent injury was awarded with credit to appellant for the amounts previously paid.

The Workmen's Compensation Board thereafter reversed the referee and denied reinstatement, holding that appellee's petition was filed too late. The trial court then reinstated the referee's award, from which determination the employer and its insurance carrier now appeal, the sole question being the timeliness of appellee's petition. There is no dispute as to causal relationship.

"While the Board is the ultimate arbiter of the facts and its findings are binding on appeal if supported by competent evidence, the appellate court may review questions of law, including whether the law has been properly applied to the facts." *Barrick v. Pocono Highland Camp*, 208 Pa. Superior Ct. 72, 75, 220 A. 2d 662 (1966).

Two provisions of the Workmen's Compensation Act govern the determination of this case. Section 413 provides in part, "The board may, *at any time,* modify, reinstate, suspend or terminate an original or supplemental agreement or award . . . upon proof that the disability of an injured employe has increased, decreased, recurred . . . Provided, That, *except in the case of eye injuries,* no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed within two years after the date of the most recent payment of compensation made prior to the filing of such petition. . . ." (§413 as amended February 28, 1956) (Emphasis added.) This section then outlines

the conditions under which modification and reinstatement petitions may be filed. However, §413 cannot be read without reference to §306[2] which contains, among other things, the maximum periods during which benefits for either total or partial disability may be received, the so-called "maximum benefit periods."[3] Judicial interpretation has grafted these §306 benefit periods onto §413. In *Zupicick v. P. & R. C. & I. Co.*, 108 Pa. Superior Ct. 165, 171, 164 Atl. 731 (1933), the Court stated, " 'The relevant legislation clearly contemplates that after a compensation agreement has been filed, or an order for compensation made, persons affected may apply for a review and modification during the time the agreement or order has to run. . . . The act gives the board jurisdiction over an agreement . . . during the life of the agreement. . . . If . . . by action of the board, the employer is relieved of payment of compensation, at any time during that period, such action is entirely to the benefit of the employer, and he cannot complain if, subsequently, *during the 500 weeks*, a changed status of the claimant revives the employer's liability to pay compensation.' "[4] (All emphasis in original.)

When the original compensation agreement was entered in 1945 the maximum benefit period for total disability was 500 weeks.[5] However, before that period expired it was extended to 700 weeks,[6] and sub-

---

[2] Act of December 31, 1965, P. L. 1284, §1, 77 P.S. §§511, 512 **(Supp.)**.

[3] Currently, for total disability, its duration; for partial disability, 350 weeks.

[4] Although, under *Zupicick*, no undue hardship affects the case at bar, this would not be true in cases of partial disability, which are still subject to the 350 week limitation of §306(b). It seems not only anomalous, but manifestly unjust and inconsistent to impose on partially disabled workmen such a harsh limitation.

[5] Act of May 14, 1949, P. L. 1369, §1.

[6] Act of January 2, 1952, P. L. (1951) 1803.

sequently extended again to the current standard of "the duration of total disability."[7] This raises the question as to whether the maximum benefit period "statute of limitations" in effect at the time of the original injury should control or whether the limitation in effect at the time of filing the 1961 petition should be applied.

We agree with Judge SPORKIN of the trial court that the "unlimited" statute of limitations in effect at the filing of the reinstatement petition in 1961 must be applied. The case of *DeJoseph v. Standard Steel Car Co.*, 99 Pa. Superior Ct. 497 (1930), held that the 1927 amendment imposing a definite time limitation on applications for modification of awards or agreements applied to pending cases. In holding the statute to be procedural the court stated, "The Act of April 13, 1927, insofar as it amends §413 of the Act of 1919 relates to procedure and applies to pending cases and is not confined to accidents which occur after its passage and approval. . . . Retroactive laws are not in violation of the Constitution which do not work an impairment of contracts and which affect remedies of procedure only." (at 504)[8] In *Vetrulli v. Wallin Concrete Corp.*, 144 Pa. Superior Ct. 73, 18 A. 2d 535 (1941), the

---

[7] Act of February 28, 1956, P. L. (1955) 1120.

[8] Although the issue is not raised by either party, there is also no unconstitutional impairment of contract obligation, for the constitutional guarantee against such action is inapplicable where a legitimate exercise of a state's police power is involved. *Indiana ex rel. Anderson v. Brand*, 303 U.S. 95 (1938). Indeed, the principle is frequently stated that all contracts are made subject to the paramount authority of the state to safeguard the vital interests of its people, and all contracts made with reference to any matter subject to regulation under the police power must be understood as made in contemplation of the possible exercise of that power. *Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398 (1934) aff'g 189 Minn. 422 (1933); *Zeuger Milk Co. v. Pittsburgh School District*, 334 Pa. 277, 5 A. 2d 885 (1939).

1937 amendment to §413 of the act was held to be procedural, and therefore applicable to a proceeding before the referee even though the petition of the employe seeking modification was filed before the effective date of the 1937 act. Similarly, in *Agostin v. Pittsburgh Steel Foundry Corp.*, 354 Pa. 543, 47 A. 2d 680 (1946), the Court, in speaking of the 1939 amendment, stated, "What the Act did . . . was to repeal the procedure prescribed by the Act of 1937 for the enforcement of compensation claims and supply . . . a different limitation for the filing of claims. . . . No one has a vested right in a statute of limitations or other procedural matters. . . . So long as there is no omission of a remedy for the enforcement of a right for which a remedy existed when the right accrued, a want of due process is in no way involved." (at 549)

Since the statute of limitations in the instant case is demonstrably procedural, the law in effect on the date of filing of the petition controls. *Hartman v. Pennsylvania Salt Manufacturing Co.*, 155 Pa. Superior Ct. 86, 38 A. 2d 431 (1944).

The judgment of the lower court is affirmed.