## Rizzo, Appellant, *v.* Baldwin-Lima-Hamilton Corporation, Appellant.

Argued September 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Albert Ring,* with him *Don F. D'Agui,* and *D'Agui & Del Collo,* for claimant.

*John W. Wellman,* with him *Frank I. Ginsburg,* and *Chadwick, Petrikin, Ginsburg and Wellman,* for employer.

OPINION BY WATKINS, J., November 13, 1969:

In this workmen's compensation case the claimant and the defendant-employer both have appealed from the order of the Court of Common Pleas of Delaware County remanding the case to the Board for the taking of additional testimony.

The employer appeals on the ground that the claim is barred by the Statute of Limitations and further that the decision of the Board is res adjudicata as to the claim; the claimant appeals on the ground that the court erred in remanding for the purpose of taking additional medical testimony.

The case has a long and complex history beginning with the accidental injury on December 16, 1960 and has been in litigation ever since. The claimant was fifty-five (55) years of age at the time of the accident; he was fifty-nine (59) at the time of the petition, subject of this appeal; and he is now sixty-four (64). In the interest of carrying out the intent of this remedial legislation this case should, if possible, be finally brought to rest.

The claimant, Frank S. Rizzo, was injured in the course of his employment by Baldwin-Lima-Hamilton Corporation, defendant employer, when he fell from a

ladder eight (8) feet to a concrete floor striking his head and right shoulder. This fall resulted in multiple injuries including damage to the neck, a fractured clavicle and fracture of the third, fourth and fifth ribs. He also suffered head injuries and has complained ever since the accident of headaches, vertigo, burning and pain of the scalp with severe pain over the left occipital region.

A compensation agreement was entered into between the parties for total disability. This condition continued from December 16, 1960 until February 6, 1961 when the claimant returned to work and executed a final receipt. He was paid his wages in lieu of compensation.

On October 5, 1962 the claimant filed a petition for reinstatement alleging that his disability had recurred and that he was totally disabled as of February 3, 1962. The referee found on January 29, 1964 as a fact that he was totally disabled from February 3, 1962 to November 1, 1962 and partially disabled thereafter. The defendant appealed.

On April 6, 1964 the claimant filed a petition for modification alleging that his disability, determined to be partial as of November 1, 1962, had increased and he was totally disabled as of January 25, 1964 when he was unable to work in any capacity. On September 3, 1964 the Board reversed the referee's decision as to the total disability between February 3, 1962 and November 1, 1962 to partial disability thereafter and benefits were denied. The claimant appealed but withdrew his appeal on October 20, 1966 because according to the claimant the Board would not proceed on the April 6, 1964 petition until the February 3 disability was finally determined. The record discloses that the Board did not assign the petition of April 6, 1964 to a referee until after the withdrawal of the claimant's appeal.

To add to the long, drawn-out procedural confusion in this case a petition for rehearing was filed by the claimant on July 26, 1965 while the so called petition for modification and the claimant's appeal were still pending. This petition was denied by the Board on April 21, 1966 and has no bearing on this appeal.

The argument that the decision of the Board as to the disability of the claimant from February 3, 1962 and November 1, 1962 is res adjudicata as to the claim of total disability from January 26, 1964 is without merit. Section 413 of the Workmen's Compensation Act as amended by the Act of 1956, P. L. (1955) 1120, 77 P.S. 772.

The execution of the final receipt in this case does not affect the appeal. "Where timely petition is filed for a recurrence of disability, the fact that a final receipt had been signed is of no significance, and it is not necessary to first move to set it aside." *Gower v. Mackes,* 184 Pa. Superior Ct. 41, 46, 132 A. 2d 880 (1957).

The bar of the Statute of Limitations was not raised below and the claimant contends that such failure is a waiver of the statute. Passing this argument of the claimant, we hold the contention that the statute bars the action, under the circumstances of this case, is without merit.

Section 413 supra of the Workmen's Compensation Act provides in part: "The Board, may, at any time modify, reinstate, suspend or terminate an original or supplemental agreement or award . . . upon proof that the disability of an injured employee has increased, decreased, recurred . . . provided that . . . no agreement or award shall be reviewed or modified or reinstated unless a petition is filed . . . within two years after the date of the most recent payment of compensation made prior to the filing of such petition . . ."

However, we have held that Paragraph 413 cannot be read without reference to Paragraph 306 of the Act, 77 P.S. 511, in which maximum periods for total and partial disability are set forth. In *Zupicick v. P. & R. C. & I. Co.,* 108 Pa. Superior Ct. 165, 171, 164 Atl. 731 (1933), this court held: "The relevant legislation clearly contemplates that after a compensation agreement has been filed, or an order for compensation made, persons affected thereby may apply for a review and modification during the time the agreement or order has to run . . . The act gives the board jurisdiction over an agreement . . . during the life of the agreement . . . if . . . by action of the board the employer is relieved of payment of compensation, at anytime during that period, such action is entirely to the benefit of the employer and he cannot complain if, subsequently, during the 500 weeks, a changed status of the claimant revives the employer's liability to pay compensation." See *Primoli v. Phila. Bronze and Brass,* 211 Pa. Superior Ct. 224, 238 A. 2d 29 (1967).

Under the circumstances of this case the petition to modify was timely filed. The petition to modify the award of January 28, 1964 was well within the two year limitation of Section 413 and also within the eighteen month limitation of Section 426. As the court below aptly said: "The fact that the award was on appeal to the Board and was ultimately reversed and the further fact that claimant's appeal was ultimately withdrawn do not destroy the viability of the award which was in effect at the time of the filing of the petition to modify." We agree also with the court below that the board after the reversal of the award should have treated the petition as one for rehearing and, although unimportant to the decision of this appeal, can be so treated now.

After the reversal of the award it would make a better record to treat the petition as one for rehearing

as there was no award to be reinstated. The nomenclature is unimportant and it certainly may be treated as a petition for rehearing. Section 426 of the Workmen's Compensation Act, 77 P.S. 871 provides in part as follows: "The Board . . . at any time before the Court of Common Pleas of any county . . . to which an appeal has been taken . . . shall have taken final action thereon may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such an award, disallowance or other order or ruling or has sustained or reversed any action of the referee . . ."

The referee permitted the petition to modify the award because of changed disability to be amended to be a petition to reinstate. It is difficult to see how this helps the procedural difficulties but we have held many times that: "The technical rules of procedure are relaxed in workmen's compensation proceedings. Strictness of pleading, however, in Workmen's Compensation cases is not to be required. If claimant is entitled to relief under any section of the statute his petition will be considered as filed under that section." *Gonzales v. O'Donnell's Broad Street Bar, Inc.*, 204 Pa. Superior Ct. 170, 174, 203 A. 2d 583 (1964).

The petition in this appeal was filed by the claimant on April 6, 1964. It was assigned to a referee on December 20, 1966. Hearings began on March 8, 1967. Three hearings were held. The third hearing of January 9, 1968 was to be the "final" hearing and both parties agreed to the date.

However, Dr. Gabriele Schwartz, a medical witness for the defendant failed to appear and counsel for the defendant asked for another continued hearing. Counsel for the claimant vigorously objected. The claimant

was then sixty-three (63) years old, in poor health and almost five (5) years had passed since the filing of his petition. The board affirmed the referee in refusing a further hearing.

There is ample competent evidence in this record to support the findings of fact of the referee. There was distinguished medical testimony on both sides. Pertinent findings of fact by the referee were as follows: "2. That as a result of the accident the claimant contracted and now suffers from the following: 'Organic brain disease or severe post-traumatic encephalatrophy due to a cerebral contusion with residual neurologic findings of aphasia, mental deterioration; cervical sprain severe with injury of soft tissues, joints, sympathetic nervous system, vertebral arteries, moderately to much improved; fracture of the right clavicle healed; fracture of some ribs, healed; contusion of his scalp with a subgaleal abcess requiring an operation which had healed with concealed scar.'

"3. That as a result of the accident the claimant has been totally disabled since January 25, 1964 and according to a preponderance of the competent, credible expert medical testimony, he will remain totally disabled indefinitely."

There was conflicting medical testimony which was resolved by the compensation authorities in favor of the claimant. It is the prerogative of the compensation authorities to weigh the testimony of the witnesses and to accept or reject either in whole or in part. The credibility of witnesses including those qualified as medical experts is always for the finders of fact. *DeMascola v. Lancaster,* 200 Pa. Superior Ct. 365, 189 A. 2d 333 (1963). *Rozauski v. Glen Alden Coal Co.,* 165 Pa. Superior Ct. 460, 69 A. 2d 192 (1949). The remand for further medical testimony would be a futile gesture in view of the opinion of the board that the analysis of the medical testimony supports the referee's

finding of fact that the claimant has remained totally disabled since January 25, 1964. In *Williams v. Bonair Foundry Company,* 215 Pa. Superior Ct. 357, 257 A. 2d 69 (1969), the court reversed a remand order of the court below for additional medical testimony as an error of law.

The employer also complains about the admission of alleged incompetent evidence in a workmen's compensation hearing. A workmen's compensation hearing is much more informal than a hearing in a court of law. The question is whether there is sufficient competent evidence to support the award and if other questionable evidence has been admitted it is mere surplusage. *Hamer v. West Virginia Pulp & Paper Co.,* 144 Pa. Superior Ct. 144, 18 A. 2d 452 (1941); *Lind. v. Argo Lamp Co.,* 198 Pa. Superior Ct. 247, 181 A. 2d 726 (1962).

The competent evidence in this case amply supports the findings of the compensation authorities and such findings are conclusive on the court. *Stever v. Rea & Derick,* 206 Pa. Superior Ct. 158, 212 A. 2d 90 (1965). The appeal is not interlocutory. As the court held in *Rozauski v. Glen Alden Coal Co.,* supra at page 464: "This case presents a purely factual issue which has been resolved against the Claimant by the Board. The findings of fact are supported by competent and substantial evidence sufficient to justify the findings. Such findings were binding on the Court of Common Pleas, and under the circumstances, it was without authority to remit the record for further findings; therefore, its order of remission was not interlocutory."

The remand in this case amounted to an error of law in that it is filed for the purpose of taking additional medical testimony to support a possible change in the findings. It can have no other purpose and is therefore not within the power of the court and is not interlocutory.

The referee stated for the record at the second hearing that a date be selected "so that we would not have to continue this case again." The date for the final hearing was then fixed.

The Act of July 21, 1919, P. L. 1077, Section 16, 77 P.S. 112 provides: "It shall be the duty of the board to make all proper and necessary rules and regulations for the legal and judicial procedure of the Bureau. . ."

The following rule was adopted on May 7, 1965. "POSTPONEMENTS AND CONTINUANCES. No continuances are to be granted by the Referee for the period of 21 days prior to the Scheduled date of hearing. Requests within this period must be made in writing directly by the party requesting same to Commissioner Creveling in Allentown, setting forth the reason therein, said request to become part of the record. Emergency requests can be made by telephone to Commissioner Creveling's office with a letter follow-up. Requests for continuances prior to the 21 day period may be granted by the Referee. Said requests for continuances must be made in writing with the reason stated therein, which letter must be made a part of the record. When the Referee grants such continuances, he will immediately fill his calendar with other cases. He will then inform Commissioner Creveling's office of any such substitutions. Unless these Rules concerning continuances are strictly adhered to by the parties involved, the Referee must dispose of the case."

The defendant did not follow the standard or emergency procedures outlined in the rule and the board did not abuse its discretion in finding that, under the circumstances, "The referee must dispose of the case."

The decision of the Court of Common Pleas is reversed, the decision of the Workmen's Compensation Board is reinstated and judgment is directed to be entered thereon.

MONTGOMERY, J., would affirm on the opinion of Hon. JOSEPH W. DEFURIA, Judge of the court below, and so, therefore, dissents.