## Falls-Overfield Vocational School District v. Davis, et al.

Argued January 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph A. Murphy,* with him *John R. Lenahan* and *Lenahan, Dempsey & McDonald,* for appellant.

*William J. Oliver,* with him *Oliver, Price and Rhodes,* for appellee.

OPINION BY JUDGE WILKINSON, March 6, 1973:

The facts of this Workmen's Compensation case have been stipulated and are therefore not in dispute. As a result of injuries to her back, suffered in an accident on September 10, 1963, claimant-appellee received compensation for total disability under an agreement made on October 21, 1963. This was subsequently modified to partial disability, also by agreement, on June 6, 1964. Thereafter, payments were made in accordance with the agreement until the end of the statutory period of 350 weeks for partial disability payments. Claimant-appellee received her final payment under the agreement on February 18, 1971.

On March 31, 1971, forty-one (41) days after the date of the most recent payment of compensation, claimant-appellee filed a petition for reinstatement of an award of total disability. The employer-appellant stipulated that claimant-appellee was totally disabled and the Workmen's Compensation Appeal Board so found in granting the petition for reinstatement. Employer-appellant's only contention now is that the petition was not filed in time.

The only issue before us, therefore, is whether a petition for reinstatement, based upon a recurrence of disability, filed within two years of the most recent payment of compensation but after the expiration of the 350-week period for partial disability, is timely under Section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §772. We hold that it is.

For the entire period, relevant to the present case, Section 413 provided in pertinent part:[1] "The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: *Provided, That, except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within two years after the date of the most recent payment of compensation made prior to the filing of such petition:*" . . . (Emphasis supplied.)

Appellant argues that, notwithstanding claimant-appellee's apparent compliance with the statute, the petition is untimely because it was not filed within the period for which compensation was payable; in this case, 350 weeks for partial disability under the second agreement.

Claimant-appellee's position, and that advanced by the Board in support of its order, is that the filing was proper under the two-year limitation of Section 413. In the alternative, adopting employer-appellant's reasoning as to timeliness, claimant-appellee and the Board contend that "the duration of total disability," as the period for which the original agreement was payable,

---

[1] Those provisions of Section 413 applicable to this case remained unchanged by the recent amendments to that section. Act of May 1, 1972, P. L. (No. 61).

should be considered the time within which the petition can be filed.

We affirm the Board's award based upon the filing of the petition within two years of the date of the most recent payment of compensation. For reasons set forth below, we think reliance upon the period for which compensation is payable as a limitation on filing petitions under this portion of Section 413 is in error.

It was originally held that awards or agreements could be modified or reinstated any time within the period for which compensation was payable when Section 413 contained no express limitation in this regard. *Gairt v. Curry Coal Mining Co., et al.*, 272 Pa. 494, 116 A. 382 (1922).

The 1927 amendment to Section 413 added a one-year provision similar to the present version: "Provided, That, except in the case of eye injuries, an agreement or an award can only be reviewed, modified, or reinstated during the time such agreement or award has to run, if for a definite period;[2] and, except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation, with or without an agreement." Act of April 13, 1927, P. L. 186.

Following this addition, courts continued to use the period for which compensation was payable as the limitation on petitions for reinstatement. A review of these cases suggests that where this standard was applied, circumstances were present which explain the inapplicability of the statutory limitation.

---

[2] This provision, removed by the Act of February 28, 1956, P. L. 1120 (1955) was held to apply only to agreements and awards under Section 306(c), dealing with specific losses, and not agreements or awards under 306(a) and (b), the partial and total disability provisions. *Mouhat v. Board of Public Education of Pittsburgh*, 159 Pa. Superior Ct. 423, 48 A. 2d 20 (1946).

Where petitions were filed under the first paragraph of Section 413, based upon fraud or mistake, this limitation was applied when no express limitation was applicable to cases involving fraud or mistake. *Kitchen v. Miller Bros. Co., et al.*, 115 Pa. Superior Ct. 141, 174 A. 919 (1934) ; *Kessler v. North Side Packing Company, et al.*, 122 Pa. Superior Ct. 565, 186 A. 404 (1936). Likewise, where awards were suspended due to a change in earnings rather than a change in disability, the limitation for reinstatement was held to be the period during which compensation was payable under the original award or agreement. *Lasick v. Consumers Mining Company*, 182 Pa. Superior Ct. 414, 128 A. 2d 144 (1956). This had been incorporated into Section 413 by the Act of February 28, 1956, P. L. 1120 (1955).

Finally, several cases involving eye injuries, specifically excluded from the limitation stated in Section 413, held that an agreement or award could be reinstated during the period for which compensation was payable under the original agreement or award. *Zupicick v. P. & R. C. & I. Co.*, 108 Pa. Superior Ct. 165, 164 A. 731 (1933).

Absent the circumstances which distinguish the cases above, the express limitation in Section 413 requiring that petitions be filed within two years after the date of the most recent payment of compensation made prior to the filing of such petition, has been the applicable test. *Rizzo v. Baldwin-Lima-Hamilton Corporation*, 216 Pa. Superior Ct. 96, 259 A. 2d 178 (1969) ; *Jericho v. Liggett Spring & Axle Co.*, 176 Pa. Superior Ct. 128, 106 A. 2d 846 (1954) ; *Harrington v. Mayflower Manufacturing Company*, 173 Pa. Superior Ct. 130, 96 A. 2d 180 (1953).

Most apposite here is *Wills v. Stineman Coal & Coke Co.*, 170 Pa. Superior Ct. 446, 87 A. 2d 104 (1952). Claimant-appellee there entered into an agreement for

total disability which was subsequently modified to partial disability. Payments continued until the 300-week period for partial disability had expired. Sixteen (16) months after the last payment of compensation, claimant-appellee filed a petition for reinstatement. The court held the petition was filed too late because it was not filed within one year after the last payment of compensation. It is evident that the court was applying *only* the statutory limit (then one year) established by Section 413. It did not consider the 300-weeks, or the then existing 500-week period for total disability, as the determining factor.

While many cases under Section 413 often discuss the period of the original award or agreement, careful scrutiny of the facts and holding will disclose that the timeliness of the petition was determined by the statutory limitation, and that statements relating to the period of the award or agreement must be considered dicta. See *Rizzo v. Baldwin-Lima-Hamilton Corporation*, 216 Pa. Superior Ct. 96, 259 A. 2d 178 (1969) ; *Miraglia v. Publicker Commercial Alcohol Co.*, 113 Pa. Superior Ct. 487, 174 A. 16 (1934).

*Henderson v. Air Master Corporation*, 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971), relied upon by employer-appellant, is consistent with our decision here. Seven months after the 350-week period for partial disability payments had expired, claimant filed a petition for reinstatement pursuant to Section 413. The Board denied compensation on the basis that claimant had failed to show a change in disability, *not* because the petition was untimely, and we affirmed.

The legislature has provided a clear and unambiguous rule regarding when petitions for reinstatement can be filed. We see no need to judicially graft an additional or different period onto Section 413.

Accordingly we enter the following

## Order

And Now, this 6th day of March, 1973, the Order of the Workmen's Compensation Appeal Board is affirmed and compensation is hereby awarded to claimant in the amount of $47.50 per week, beginning March 31, 1971, in accordance with the Referee's order of February 7, 1972, and to continue within the limitations of the Workmen's Compensation Act.