Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Miles Willis Reedy *v.* State Workmen's Insurance Fund, Insurance Carrier, and L. C. Anderson & Sons, Inc., Appellants.

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Arthur J. Rinaldi,* Associate Counsel, with him *John E. O'Connor,* Chief Counsel, for appellant.

*Scot D. Gill,* with him *Henry, Corcelius, Gates & Gill,* for appellee.

OPINION BY JUDGE ROGERS, January 6, 1976:

The State Workmen's Insurance Fund (Fund) has appealed from an order of the Workmen's Compensation Appeal Board affirming the decision of a referee granting

the prayer of the petition of Miles Willis Reedy for reinstatement of an agreement for compensation.

Mr. Reedy was injured in the course of his employment with an employer insured by the Fund on June 21, 1963. Pursuant to an agreement for total disability, Mr. Reedy received payments of $37.50 from the Fund until February 6, 1964. He thereafter received compensation for partial disability in the weekly amount of $18.75 in accordance with a supplemental agreement. The Fund discontinued the payments for partial disability as of October 21, 1970, the end of the 350 week period then provided by statute for compensation for partial disability. The supplemental agreement on the form provided by the Board[1] is dated February 21, 1964, and recites that the claimant has a partial disability and contains the following substantive provision:

"It is further agreed that on and after *2-6-64* compensation shall be payable to the said employe at the rate of *$18.75* per week for *indefinite* weeks; or, if the future period of disability is uncertain, then to continue at said rate until terminated by a further supplemental agreement, order of the Workmen's Compensation Board or Referee, or by final receipt." (The emphasized material was added by typewriter in blank spaces of the printed form).

The insertion in the form of the word "indefinite" as descriptive of the term during which payments should run, rather than the number "350" is the controlling fact in this case. The form bears the stamp of the State Workmen's Insurance Fund and it was conceded at argument that it was prepared by the Fund.

In May and October of 1972, both times within two years from the date of the most recent payment of compensation, October 21, 1970, Mr. Reedy complained to the

---

1. Form 337 which may be found in the Appendix to Title 77 of Purdon's Supplement at page 436.

Bureau of Workmen's Compensation that his payments had stopped. On May 22, 1972 and on October 19, 1972, both dates within the two year period, an assistant director of the Bureau wrote to the Fund informing it of Mr. Reedy's complaint "with regard to delinquency in compensation payments," noting that the Bureau had on file a supplemental agreement requiring payments for indefinite weeks, advising the Fund that "[n]o insurance carrier may arbitrarily discontinue compensation payments on an open agreement unless there has been filed a final receipt properly executed or a petition filed to terminate" and requesting the Fund to "check into this matter and advise promptly." Copies of these letters were sent to Mr. Reedy. The Fund did nothing in response to the Bureau's letters.

Mr. Reedy filed his petition for reinstatement of compensation, alleging total disability, on March 26, 1973, a date two years and about four months after the most recent payment of compensation. The Fund filed an answer alleging the untimeliness of the petition by reason of the provision of Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772 (Supp. 1974-1975), that petitions must be filed within two years after the date of the most recent payment of compensation.

At the referee's hearing on the petition for reinstatement, Mr. Reedy produced substantial medical evidence that he was (and had since June of 1966 been) totally disabled as the result of his injuries. The Fund stood on its assertion that the petition for reinstatement was not timely filed. The referee properly found that Mr. Reedy was totally disabled. He further found that the late filing of the petition was the result of the claimant's having been "lulled into a sense of security" by the Bureau of Workmen's Compensation whose letters "led him to believe that the necessary action was being taken by the said Authority to protect his rights." The Workmen's

Compensation Appeal Board properly modified the referee's award of benefits to commence June 26, 1966.[2] The Board held that there was no limitation on the time for filing the petition for reinstatement because the original agreement was for total disability payable for the duration of such disability. Since the Board advanced the same argument in *Falls-Overfield Vocational School District v. Davis*, 8 Pa. Commonwealth Ct. 63, 301 A.2d 118 (1973) which we there specifically rejected, and since *Falls-Overfield* was decided on March 6, 1973 and the Board's decision in this case is dated November 7, 1974, we are compelled to quote at length Judge WILKINSON'S opinion, which the Board has either misapprehended or overlooked:

"Claimant-appellee's position, and that advanced by the Board in support of its order, is that the filing was proper under the two-year limitation of Section 413. In the alternative, adopting employer-appellant's reasoning as to timeliness, claimant-appellee and the Board contend that 'the duration of total disability,' as the period for which the original agreement was payable, should be considered the time within which the petition can be filed.

"We affirm the Board's award based upon the filing of the petition within two years of the date of the most recent payment of compensation. For reasons set forth below, we think reliance upon the period for which compensation is payable as a limitation on filing petitions under this portion of Section 413 is in error.

"It was originally held that awards or agreements could be modified or reinstated any time within the period for which compensation was payable when Section 413 contained no express limitation in this

---

2. Section 413, *as amended,* 77 P.S. §772 (Supp. 1974-1975) provides that reinstatement shall be made as of the date upon which it is shown that the disability of the injured employe has increased or recurred.

regard. Gairt v. Curry Coal Mining Co., et al., 272 Pa. 494, 116 A. 382 (1922).

"The 1927 amendment to Section 413 added a one-year provision similar to the present version: 'Provided, That, except in the case of eye injuries, an agreement or an award can only be reviewed, modified, or reinstated during the time such agreement or award has to run, if for a definite period;[2] and, except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation, with or without an agreement.' Act of April 13, 1927, P.L. 186.

"Following this addition, courts continued to use the period for which compensation was payable as the limitation on petitions for reinstatement. A review of these cases suggests that where this standard was applied, circumstances were present which explain the inapplicability of the statutory limitation.

"Where petitions were filed under the first paragraph of Section 413, based upon fraud or mistake, this limitation was applied when no express limitation was applicable to cases involving fraud or mistake. Kitchen v. Miller Bros. Co., et al., 115 Pa. Superior Ct. 141, 174 A. 919 (1934); Kessler v. North Side Packing Company, et al., 122 Pa. Superior Ct. 565, 186 A. 404 (1936). Likewise, where awards were suspended due to a change in earnings rather than a change in disability, the limitation for reinstatement was held to be the period during which compensation was payable under the original award or agreement. Lasick v. Consumers Mining Company, 182 Pa. Superior Ct.

---

"2. This provision, removed by the Act of February 28, 1956, P.L. 1120 (1955) was held to apply only to agreements and awards under Section 306(c), dealing with specific losses, and not agreements or awards under 306(a) and (b), the partial and total disability provisions. *Mouhat v. Board of Public Education of Pittsburgh*, 159 Pa. Superior Ct. 423, 48 A.2d 20 (1946)."

414, 128 A.2d 144 (1956). This had been incorporated into Section 413 by the Act of February 28, 1956, P.L. 1120 (1955).

"Finally, several cases involving eye injuries, specifically excluded from the limitation stated in Section 413, held that an agreement or award could be reinstated during the period for which compensation was payable under the original agreement or award. Zupicick v. P. & R. C. & I. Co., 108 Pa. Superior Ct. 165, 164 A. 731 (1933).

"Absent the circumstances which distinguish the cases above, the express limitation in Section 413 requiring that petitions be filed within two years after the date of the most recent payment of compensation made prior to the filing of such petition, has been the applicable test. Rizzo v. Baldwin-Lima-Hamilton Corporation, 216 Pa. Superior Ct. 96, 259 A.2d 178 (1969); Jericho v. Liggett Spring & Axle Co., 176 Pa. Superior Ct. 128, 106 A.2d 846 (1954); Harrington v. Mayflower Manufacturing Company, 173 Pa. Superior Ct. 130, 96 A.2d 180 (1953).

"Most apposite here is Wills v. Stineman Coal & Coke Co., 170 Pa. Superior Ct. 446, 87 A.2d 104 (1952). Claimant-appellee there entered into an agreement for total disability which was subsequently modified to partial disability. Payments continued until the 300-week period for partial disability had expired. Sixteen (16) months after the last payment of compensation, claimant-appellee filed a petition for reinstatement. The court held the petition was filed too late because it was not filed within one year after the last payment of compensation. It is evident that the court was applying only the statutory limit (then one year) established by Section 413. It did not consider the 300-weeks, or the then existing 500-week period for total disability, as the determining factor.

"While many cases under Section 413 often discuss the period of the original award or agreement, care-

ful scrutiny of the facts and holding will disclose that the timeliness of the petition was determined by the statutory limitation, and that statements relating to the period of the award or agreement must be considered dicta. See Rizzo v. Baldwin-Lima-Hamilton Corporation, 216 Pa. Superior Ct. 96, 259 A.2d 178 (1969); Miraglia v. Publicker Commercial Alcohol Co., 113 Pa. Superior Ct. 487, 174 A. 16 (1934)." 8 Pa. Commonwealth Ct. at 65-68, 301 A.2d at 120-121.

Turning finally to the subject of the asserted untimeliness of the petition, here filed two years and four months after the final payment of benefits on October 21, 1970, we first note that the employer or its carrier may be estopped from raising this defense if their actions, or the action of either of them, have intentionally or unintentionally caused the claimant to believe that his claim would be attended to. *Workmen's Compensation Appeal Board v. Rudolph,* 19 Pa. Commonwealth Ct. 615, 339 A.2d 128 (1975); *M. Gordon & Sons, Inc. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 288, 321 A.2d 396 (1974); *Tarnoski v. Kanarr Corporation,* 12 Pa. Commonwealth Ct. 488, 317 A.2d 904 (1974); *Kushner v. Strick Trailer Co.,* 10 Pa. Commonwealth Ct. 518, 312 A.2d 471 (1973); *Palmer v. City of Pittsburgh,* 9 Pa. Commonwealth Ct. 526, 308 A.2d 179 (1973); *Iwaskewycz v. United States Steel Corporation,* 7 Pa. Commonwealth Ct. 211, 298 A.2d 62 (1972).

The Fund contends it practiced no deception which misled Mr. Reedy; that it paid three hundred fifty weeks of partial disability benefits and lawfully discontinued payments at the end of the period.[3] It contends that, if anyone deceived the claimant, the guilty party was the Bureau of Workmen's Compensation. We have concluded, to the contrary, that the Fund contributed in a material

---

3. A letter of explanation which the Fund claims it sent to the claimant with the last payment was not offered or admitted into evidence.

506

if not crucial fashion to a reasonable belief on claimant's part that his claim for continued benefits was valid and about to be enforced, by (1) describing the duration of payments in the supplemental agreement as for an indefinite period, rather than for three hundred fifty weeks, and (2) by failing to respond to the Bureau's two letters, with copies to Mr. Reedy, that it investigate the matter. In the circumstances, we do not believe that the Fund should be permitted to raise the bar of limitations to defeat Mr. Reedy's claim to benefits provided by this remedial legislation.

The Board ordered full payments for total disability from the date on which claimant's doctor first reported that Mr. Reedy was totally disabled, although from June 26, 1966 through October 21, 1970 the claimant received payments for partial disability. In our order we have provided the credit to which the Fund is entitled for the payments made for partial disability.

ORDER

AND, NOW, this 6th day of January, 1976, judgment is hereby entered in favor of Miles Willis Reedy on his petition for reinstatement of a compensation agreement against the State Workmen's Insurance Fund and L. C. Anderson & Sons, Inc. with compensation payments for total disability at a rate of $37.50 per week to be made to Miles Willis Reedy commencing as of June 26, 1966 and continuing in accordance with the provisions of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736. For the period from June 26, 1966 until and including October 21, 1970, such payments are to be reduced by the amount of compensation for partial disability, $18.75 per week, paid by the State Workmen's Insurance Fund pursuant to the supplemental compensation agreement. It is further ordered that interest at a rate of six per cent (6%) per annum is assessed on the unpaid weekly installments from the due date thereof.